E. C. DAVIS v. RED RIVER LUMBER COMPANY.[1]

July 2, 1895.

Nos. 9520—(217).

**Assessment of Damages—Notice to Defendant.**

G. S. 1894, § 5387, provides that, "on a judgment for the plaintiff upon an issue of law, the plaintiff may proceed in the manner prescribed by the statute upon the failure of the defendant to answer, where the summons was personally served." *Held*, in an action of tort, the plaintiff is not entitled to proceed under this section to assess his damages, without notice to a defendant who has appeared in the action, and a judgment entered on such assessment is irregular, and will be set aside.

Appeal by defendant from an order of the district court for Polk county, Ives, J., denying its motion to set aside the taxation of costs and entry of judgment and for leave to answer the complaint. Reversed.

*Wilson & Van Derlip*, for appellant.

*H. Steenerson*, for respondent.

CANTY, J. This is an action for damages claimed to have been suffered by plaintiff, and caused by the dumping by defendant, into the Red Lake river, of sawdust and mill refuse, which were carried

[1] Reported in 63 N. W. 1111.

down stream and deposited in an excavation which plaintiff was making on the bank of the river for the foundation of a building. Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. From an order overruling the demurrer, defendant appealed to this court. The appeal was argued at the last term of this court, before four of the judges thereof, and, the court being equally divided, the order of the court below was affirmed without the handing down of any written opinion.

After the order of affirmance was filed, the plaintiff, on November 9, 1894, served on defendant's attorney notice of taxation of costs in this court, and defendant's attorney admitted service in the following form: "Personal service of the within notice admitted this 9th day of November, 1894." It appears that the copy of the notice so served stated that plaintiff would apply to tax his costs on November 11, which was Sunday, while it appears that in the original notice the figure "2" was written over the figure "1," so that the notice fixed the time for taxing costs as November 12. Plaintiff taxed his costs on Monday, November 12, entered judgment in this court, and on November 16 filed the mandate of this court in the court below.

On December 1, without notice to defendant, plaintiff applied to the judge of the court below to have his damages assessed, and the judge assessed his damages in the sum of $510, the amount claimed in the complaint, and ordered judgment for plaintiff for that sum and costs. On November 28 plaintiff served, by mail, notice of taxation of costs in the court below on defendant's attorneys, which was received by them on November 30. They immediately wrote, asking for an extension of time to answer, to which plaintiff's attorney made no response until December 4, after he had taxed costs pursuant to said notice, and entered judgment. The defendant did not appear in or oppose this taxation, and up to this time did not appear in or oppose any of the proceedings since the filing of said order of affirmance in this court.

On December 6 defendant served notice of a motion to set aside said judgment, and for leave to answer, supported by the affidavits of his attorneys, stating that they paid no attention to the notice of taxation of costs in the supreme court, because the day fixed

for such taxation was Sunday, and that they had no notice or knowledge of any of the subsequent proceedings until they received said notice of taxation in the district court, and did not know until that time that the case had been remanded from the supreme court. This motion was heard by the court below on December 22, and, from an order denying the motion, defendant appealed.

The order appealed from must be reversed. It was error to assess plaintiff's damages without notice to defendant. G. S. 1894, § 5387, provides that, "on a judgment for the plaintiff upon an issue of law, the plaintiff may proceed in the manner prescribed by the statute upon the failure of the defendant to answer, where the summons was personally served." It is contended by plaintiff that this entitles him to proceed to assess his damages in the manner provided by G. S. 1894, § 5354, without notice to defendant. We will say, in answer to this, that G. S. 1894, § 5212, provides that, "after appearance, a defendant is entitled to notice of all subsequent proceedings." These three sections must be construed together.

The defendant was entitled to notice of the application for assessment of damages, and it was error to assess the same without giving such notice. Whether or not the court below abused its discretion in denying to defendant leave to answer we cannot determine upon the record. It does not appear from the return on this appeal when the order overruling the demurrer was filed, or whether or not that order gave defendant leave to answer, or, if so, on what terms, or how long after the filing of that order the appeal therefrom was taken. We cannot tell to what extent defendant was guilty of laches before it took its first appeal, or whether it had at that time a right to answer. But as the court below erred in holding that the assessment of damages and judgment entered thereon was regular and valid, and this error may have influenced the exercise of his discretion in denying the motion for leave to answer, leave will be given to defendant to apply again to the court below for leave to answer.

The order appealed from is reversed, the assessment of damages set aside, and leave is given defendant to renew its motion in the court below for leave to answer.