## NORTHWEST THRESHER CO. v. ONEY HERDING.[1]

June 26, 1914.

Nos. 18,632—(170).

**Vacating default judgment — affidavit.**

1. An application to vacate a judgment taken by default through mistake,.

1 Reported in 148 N. W. 57.

inadvertence, surprise or excusable neglect of defendant is addressed to the sound discretion of the trial court. In this case an affidavit showing that judgment was entered without knowledge of the defendant, notwithstanding the claim was discharged in bankruptcy, after suit brought, but before judgment, contains a sufficient showing of surprise or excusable neglect.

**Same — discharge in bankruptcy.**
2. The defense of a discharge in bankruptcy is an honest and meritorious defense and stands on a par with other legal defenses. A default judgment may be vacated in order to permit the interposition of this defense, if the default is properly excused.

**Finding upon conflicting evidence — delay in making application.**
3. Under the conflicting affidavits presented, the court was warranted in finding that defendant had no knowledge of the entry of this judgment until 42 days before the application to vacate the judgment was brought on for hearing. A delay for this length of time was not, under the circumstances of this case, such as to require the court to deny the relief asked.

Application to the district court for Nobles county to open a default judgment. The motion was granted, Nelson, J. From the order vacating the judgment and allowing defendant to defend, plaintiff appealed. Affirmed.

*S. S. Smith,* for appellant.

*John F. Flynn* and *J. A. Cashel,* for respondent.

HALLAM, J.

On April 4, 1906, plaintiff commenced this action to recover a balance due on two promissory notes given for a threshing outfit. After the commencement of the action defendant filed in the United States district court a petition in bankruptcy and scheduled this debt as a liability, and on February 2, 1907, was discharged from his debts, including this debt. Defendant interposed no answer. Notwithstanding the fact that its claim had been discharged, plaintiff, on September 12, 1907, took judgment against defendant. There is no claim that defendant had any knowledge that plaintiff had taken this judgment, at the time, or for several years thereafter. In September, 1913, plaintiff procured an execution on said judgment and placed it in the hands of the sheriff of Nobles county. On September 8, 1913, the sheriff called on defendant for the purpose of col-

lecting the amount of the execution. Defendant thereupon consulted an attorney and, on October 11, 1913, gave notice of an application to be made at the general term of court in Nobles county October 20, 1913, to vacate the judgment and to interpose an answer setting up his discharge from this debt. This application was granted, and it is from the order granting this application that plaintiff appeals.

1. The statute permits the court to relieve a party from a judgment "taken against him through his mistake, inadvertence, surprise, or excusable neglect." G. S. 1913, § 7786. The application for this relief is addressed to the sound discretion of the trial court. "Courts are naturally and very properly inclined to relieve a party from a default, if he furnishes any reasonble excuse for his neglect, and makes any fair showing of merits." People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219; Milwaukee Harvester Co. v. Schroeder, 72 Minn. 393, 75 N. W. 606; Hull v. Chapel, 77 Minn. 159, 79 N. W. 669, 77 Am. St. 666; McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338. The affidavit on behalf of defendant is sufficient to show surprise or excusable neglect. The claim sued on was discharged after suit brought and before judgment entered. Defendant had reason to expect that the suit would not thereafter be pressed. He was a farmer unaccustomed to legal proceedings, and his neglect to procure a formal dismissal of the suit may well be excused.

2. Plaintiff contends that the defense of a discharge in bankruptcy "is not a defense of righteousness, merit, equity and honesty for the interposition of which a valid judgment taken by default will be vacated." We cannot adopt any such rule. The National Bankruptcy Act is not to be regarded with the courts with disfavor. The defense of a discharge in bankruptcy is an honest and meritorious defense and stands on a par with other legal and meritorious defenses. Such is the rule in this state as to the defense of the statute of limitations. Brasie v. Minneapolis Brewing Co. 87 Minn. 456, 92 N. W. 340, 67 L.R.A. 865, 94 Am. St. 709, and there is equal reason for applying the same rule to the defense of discharge in bankruptcy. A default judgment may be vacated in order to permit this defense to be interposed, if the default is properly excused.

There is nothing in this decision inconsistent with the decision in Crocker v. Bergh, 118 Minn. 316, 136 N. W. 737. The judgment in that case was entered under circumstances similar to those in the case at bar. The application made was not to vacate the judgment with leave to answer. It was a motion to declare the judgment satisfied and to perpetually enjoin further proceedings upon it. The court simply held that the judgment was valid and enforceable until set aside.

3. The propriety of the action of the trial court in vacating this judgment would probably not be seriously questioned, were it not for the lapse of time. Section 7786 permits an application of this character to be made only within one year after notice of the judgment. Plaintiff claims that defendant had actual notice of the entry of this judgment more than one year before the time of his application to vacate it. Defendant claims he had no knowledge of the entry of this judgment until September 8, 1913. The attorney for the plaintiff makes affidavit that he informed defendant of the judgment more than a year before the application was made. Defendant denies this. It is conceded that in the fall of 1912 the present attorney for plaintiff was authorized by M. Rumely Co. of La Porte, Indiana, to collect this claim, and that he, by letter, called plaintiff to his office. The attorney makes affidavit that on that occasion he told defendant of this judgment. Defendant makes affidavit admitting that he called at the attorney's office in response to a letter, but he alleges that the attorney spoke only of a claim of the Rumely Co. and did not state that plaintiff or any other company had a judgment against him. Defendant's affidavit is corroborated by the letter written to him, which speaks only of "the claim of Rumely Co." It was the especial province of the trial court to determine this question of fact. The court determined it in favor of defendant. We shall not disturb the decision.

According to the showing made by defendant the application to vacate the judgment was brought on for hearing 42 days after defendant acquired knowledge of the entry of the judgment. This was the first term of court in the county in which the judgment was

entered. This delay was not, under the circumstances, so great as to require the court to deny the relief asked.

Order affirmed.