STATE ex rel. CORA R. CLARK v. J. M. JACK.[1]

July 10, 1914.

Nos. 18,721—(27).

**Mandamus — when granted against public officer.**

    1. Mandamus will not lie to control the action of a public officer in matters which involve the exercise of his judgment or discretion; but, if the admitted facts show that it is his duty to perform an official act, he may be compelled to do so by mandamus.

**Clerk of school district — payment of teachers.**

    2. It is the duty of a clerk of a school district to draw orders upon the treasurer for the payment of teachers' wages as they become due, without

1 Reported in 148 N. W. 306.

requiring that a bill therefor be first presented to and allowed by the school board.

**Question not presented by record.**

3. Where a demurrer to the petition was overruled and thereafter judgment was entered without notice, but no application was made to the trial court either for leave to answer or to vacate the judgment, the question as to whether defendant was entitled to answer or to have the judgment vacated cannot be considered or determined by this court.

Upon the relation of Cora R. Clark, the district court for Dakota county granted its alternative writ of mandamus directed to J. N. Jack, requiring him, as clerk of a certain school district, to issue to relator an order on the treasurer of the school district for her salary as teacher for the month beginning November 12, 1913, or show cause why he had not done so. Respondent's demurrer to the petition of relator was overruled. Upon relator's motion the court, Johnson, J., directed a peremptory writ of mandamus to issue. From the judgment entered pursuant to the order, respondent appealed. Affirmed.

*William W. Pye,* for appellant.
*Albert Schaller,* for respondent.

TAYLOR, C.

This is an appeal from a judgment directing that a peremptory writ of mandamus issue commanding defendant, as clerk of a common school district, to draw an order upon the district treasurer in favor of relator for wages for teaching the district school.

Defendant invokes the rule that mandamus will not lie to control the action of a public officer in matters which involve the exercise of his judgment or discretion. This rule is well settled, and defendant cannot be required to issue this order if, as a condition precedent to its issuance, there was any matter to be determined by him which involved the exercise of his judgment or discretion. State v. Teal, 72 Minn. 37, 74 N. W. 1024. The action was submitted upon the petition for the writ and defendant's demurrer thereto, hence all the facts alleged are admitted. It is sufficient for present purposes to say that relator, a duly qualified school teacher, entered into a written

contract with the school district to teach the school therein, for a term of seven months, for $60 per month payable monthly; that she duly entered upon and performed her duties as such teacher under the contract; that, after she had performed such duties for more than one month, she applied to defendant for an order upon the treasurer for her wages for the first month; and that defendant refused to issue such order. The admitted facts leave no room for any claim that she was not a legally qualified teacher, or that she did not have a valid contract, or that she did not perform her contract, or that she was not entitled to the stipulated pay for one month by the terms of the contract. There was no question of fact undetermined.

Defendant claims, however, that relator was not entitled to an order for her pay until a bill therefor had been presented to and allowed by the school board. Prior to the revision of the statutes in 1905, the law expressly provided that the clerk should draw orders on the treasurer for teachers' wages, and bills therefor were not required to be acted upon or allowed by the board before such orders were drawn. In the revision of 1905, several statutory provisions relating to the duties of the clerk were condensed and consolidated into one section, and the paragraph thereof providing for the drawing of orders is as follows:

"He * * * shall draw and sign all orders upon the treasurer for the payment of money for bills allowed by the board for salaries of officers or for teachers' wages, to be countersigned by the chairman." Section 2759, G. S. 1913.

The provisions of the revised laws, so far as they are the same as prior statutes, are to be construed as continuations thereof, and a mere change in verbiage will not be construed as altering the law, unless it is clear that such was the intention. State v. Stroschein, 99 Minn. 248, 109 N. W. 235; Becklin v. Becklin, 99 Minn. 307, 109 N. W. 243; State v. McDonald, 101 Minn. 349, 112 N. W. 278; Evans v. City of Redwood Falls, 103 Minn. 314, 115 N. W. 200; State v. Barnes, 108 Minn. 230, 122 N. W. 11; Northwestern Trust Co. v. Bradbury, 112 Minn. 76, 127 N. W. 386; Lockey v. Lockey, 112 Minn. 512, 128 N. W. 833. We discover no intention to change the prior law governing the manner of drawing orders for the payment of teachers' wages. The law requires

126 M.—24.

the contract between the teacher and the district to be in writing, signed by the teacher and by two members of the board, and to specify the term of employment and the amount of wages per month. If the wages cannot be paid as they become due, unless the teacher presents a bill therefor each month and the board meets each month and allows it, an important part of the contract is nullified. We find nothing in the law to indicate that the legislature contemplated any such result, or intended to change in any manner the method of paying such wages. While somewhat awkwardly expressed the present statute, construed in the light of the prior law, requires the clerk not only to issue orders for the payment of bills allowed by the board, but also to issue orders for the payment of teachers' wages as they become due under the terms of the contract. Upon the facts as they appear in this record, it was the duty of defendant to issue the order in controversy.

Defendant insists that the trial court erred in overruling the demurrer without granting leave to answer, and in entering judgment without notice to him. These questions cannot be raised upon this appeal. Defendant was not entitled to answer as a matter of right, and having made no application to the trial court for leave to do so, the question as to whether that privilege should have been accorded him is not before this court. The demurrer having been overruled, the relator was entitled to have judgment entered as upon default. Section 7816, G. S. 1913. Entering such judgment without notice, even if notice were required, was merely an irregularity for which defendant's remedy, if aggrieved, was to make an application to the trial court for relief. Not having made such application, the question raised cannot be considered by this court.

Judgment affirmed.