DARLINGTON DAVENPORT v. CLINTON W. SACKETT.[1]

October 6, 1939.

No. 32,079.

[1]Reported in 288 N. W. 167.

*Walter U. Hauser,* for appellant.
*Gillette & Meagher,* for respondent.

LORING, JUSTICE.

This is an appeal from an order granting a motion to vacate a judgment in a suit brought to recover an indebtedness in excess of $21,000. This suit was commenced May 1, 1935. The defendant answered May 20, 1935, and after failing to negotiate a settlement of the matter in controversy he filed a petition in bankruptcy, listing plaintiff's claim as a liability. He was adjudicated a bankrupt on March 12, 1936. On that or the following day he served a supplemental answer upon plaintiff's attorney setting up the adjudication in bankruptcy and filed the same in court. This pleading was returned by plaintiff's attorney. The case was put upon the calendar in Hennepin county and assigned for hearing. Defendant's counsel in his affidavit in support of the motion to vacate the judgment asserted that before the opening of court on the day first set for the hearing in the Hennepin county district court he appeared and advised the plaintiff's attorney, the court, and the clerk that the defendant had been adjudicated a bankrupt. He asserted that he then left the courtroom in the belief that in view of such bankruptcy no further proceedings would be had therein. Two or three days later the plaintiff and his attorney appeared without further notice to defendant and proved up the plaintiff's case as upon default. The plaintiff's attorney was instructed by the court to draft findings. April 30, 1936, the plaintiff and his attorney were present at the defendant's general hearing in the bankruptcy proceedings and conducted a protracted examination of defendant but without disclosing the fact of the previous default hearing. February 8, 1937, the defendant was discharged in bankruptcy. Judgment in the state district court proceedings was not entered until April 21, 1937. Defendant's counsel asserted in his affidavit in support of the motion here under consideration that neither he nor the de-

fendant knew that plaintiff and his counsel had appeared on March 16, 1936, in the district court and had proved up their case as upon default, and that they had not learned of it until the 27th day of July, 1937, on which day they prepared their affidavits and made their motion to vacate and set aside the judgment. The same inference may properly be drawn from defendant's affidavit. They made the same assertion relative to the entry of the judgment. They both swore that defendant was advised by his attorney that because of the bankruptcy proceedings there would be no further proceedings in the state district court and that no further attention need be paid to that action. The plaintiff presented affidavits of himself, his attorney, and others stating facts from which he inferred that the defendant must have long known of the default proceedings, and the subsequent entry of judgment. His attorney and others denied the conversation which defendant's attorney claims took place in the district courtroom. Much stress is laid by plaintiff upon a hearing had in New York before the arbitration committee of the New York Stock Exchange, in which one Hopwood was the accused and defendant was a witness. Nowhere in plaintiff's affidavits was there any positive assertion that at that hearing or elsewhere either defendant or his attorney was advised that the case had been proved up as upon default or that judgment had been entered. The matter was left entirely in the domain of inference. The affidavits therefore presented a question of fact upon a matter which lay within the discretion of the court. We have sustained trial courts in cases where judgment creditors have made a much stronger showing than in the case at bar. Isensee Motors v. Rand, 196 Minn. 267, 264 N. W. 782; Northwest Thresher Co. v. Herding, 126 Minn. 184, 148 N. W. 57, L. R. A. 1916F, 837.

A discharge in bankruptcy is a meritorious defense. That defendant's counsel may have had an erroneous impression as to the effect of the adjudication does not bar the relief here sought. Baxter v. Chute, 50 Minn. 164, 52 N. W. 379, 36 A. S. R. 633. Other questions argued by plaintiff are not pertinent to the question presently before us.

Upon the record before us we find no abuse of discretion on the part of the trial court, and its order must be affirmed.