# B. T. KEMERER v. STATE FARM MUTUAL AUTO INSURANCE COMPANY AND OTHERS.[1]

November 24, 1939.

No. 32,096.

See 198 Minn. 316, 269 N. W. 832; 201 Minn. 239, 276 N. W. 228.

*Freeman & King, Atwood & Quinlivan,* and *E. John Abdo,* for appellants.

*George Hoke* and *Phillips, Sherwood & Hughes,* for respondent.

[1]Reported in 288 N. W. 719.

HILTON, JUSTICE.

Appeal from an order of the district court for Stearns county denying a motion to vacate and set aside a judgment entered March 10, 1938, and for leave to answer the complaint.

The present appeal presents difficulties which can only be appreciated in the light of a course of protracted litigation following an automobile accident in which vehicles owned by B. T. Kemerer and Martin Mock were involved. A party injured in the collision recovered a judgment against both. The defendant in the present action, State Farm Mutual Auto Insurance Company, was Mock's insurer and paid the judgment in full. Asserting that Kemerer was a joint tortfeasor, it then began proceedings under 2 Mason Minn. St. 1927, § 9410, to compel him to contribute one-half as a codebtor. Kemerer, seeking to avoid contribution, instituted an injunction suit to restrain defendant. Liability was denied on the ground that Mock's "wilful" negligence destroyed his right to contribution. Defendant interposed a demurrer, which was sustained. In Kemerer v. State Farm Mut. Auto Ins. Co. 201 Minn. 239, 276 N. W. 228, 114 A. L. R. 173, it was held error to sustain the demurrer.

Defendant did not make application for leave to plead over. The reason for this is stated in its brief as follows:

"After that decision, defendant * * * abandoned further proceedings in the injunction action and, on February 25, 1938, commenced a separate and independent suit for contribution."

Kemerer, through his counsel, without notice to defendant, made application for and procured findings of fact, conclusions of law, and order for judgment on March 9, 1938. The next day judgment was entered in the injunction action.

The second action brought by defendant here to obtain contribution progressed through a series of pleadings and was finally brought on for trial November 14, 1938. Although there may have been a hint that judgment had been entered in the injunction suit in some of the pleadings, defendant states that no knowl-

edge that judgment had been entered was obtained until November 14 or 15.

On November 18, 1938, notice of motion to vacate the findings, conclusions, and order for judgment and the judgment in the injunction suit was served. It was accompanied by an affidavit stating that plaintiff did not give notice of any proceeding after the order sustaining the demurrer was reversed by this court. Affiant also stated that knowledge of the judgment entered March 10 was not acquired until November 15.

On December 15, 1938, another notice of motion was served asking, in addition to vacation of the judgment, that leave to answer be given. The basis of the motion was that no notice had been given of the proceedings taken by Kemerer and that defendant mistakenly interpreted the decision of this court (201 Minn. 239, 276 N. W. 228, 114 A. L. R. 173) as holding that defendant could not proceed under § 9410, but must institute a separate action. The motion was not accompanied by an affidavit of merits and a "Proposed Answer" was not served, although it appears that such a paper so labeled was served December 24, 1938, the day of the hearing. The lower court denied the motion. Although defendant appealed from the entire order, the only assignment of error is:

"That the court erred in denying appellants' motion for an order vacating the findings of fact, conclusions of law and order for judgment dated March 9, 1938, and the judgment entered pursuant thereto dated March 10, 1938."

This presents the single issue of whether it was error to refuse to vacate the judgment. Established law compels the conclusion that it was. The assault upon the judgment is a direct attack. Consequently advantage may be taken of defects which furnish a ground for relief although they are not jurisdictional in character. Plaintiff's omission was not jurisdictional, but it was an irregularity in the proceeding which rendered the judgment vulnerable to a proper direct attack. Our statute requires that notice must

be given of the application for an order for judgment in the situation here presented. 2 Mason Minn. St. 1927, § 9239, provides:

"A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, after which he shall be entitled to notice of all subsequent proceedings therein."

2 Mason Minn. St. 1927, § 9312, does not dispense with the duty to give notice made mandatory by § 9239. Section 9312 reads:

"On the trial of an issue of law, the plaintiff, if the decision be in his favor, may proceed as in the case of the defendant's failure to answer after being personally served with the summons."

By the demurrer, defendant made a general appearance. Once having done this, § 9239 operates. The fact that the demurrer is subsequently overruled does not alter the situation. Notice must still be given as required by § 9239. Section 9312 has reference not to notice but to the method of establishing plaintiff's claim under 2 Mason Minn. St. 1927, § 9256. Were any other view adhered to, a hardship would result to a party who has made an appearance in the litigation. Simply because the demurrer is overruled it does not follow that the defendant is out of court. The demurrer merely admits the facts for the purpose of testing its validity. It is not an admission of them for all purposes. Failure to apply for leave to plead over likewise is not a concession of them. The plaintiff must show proof to the satisfaction of the court. Defendant still has the opportunity to cross-examine plaintiff's witnesses. If a valid judgment could be obtained without notice, this would be lost.

Authority is not lacking for the view taken. As early as Davis v. Red River Lbr. Co. 61 Minn. 534, 63 N. W. 1111, it was established that notice must be given of all subsequent proceedings to a party whose demurrer has been overruled or the judgment is fatally defective against a direct attack. In the Davis case judgment was entered upon an assessment of damages made without notice to the defendant after his demurrer had been overruled. The lower court denied the motion to set the judgment aside and

for leave to answer. On appeal the order was reversed. In construing statutes identical in substance to those involved here, it was stated [61 Minn. 536]:

"G. S. 1894, § 5387, provides that, 'on a judgment for the plaintiff upon an issue of law, the plaintiff may proceed in the manner prescribed by the statute upon the failure of the defendant to answer, where the summons was personally served.' It is contended by plaintiff that this entitles him to proceed to assess his damages in the manner provided by G. S. 1894, § 5354, without notice to defendant. We will say, in answer to this, that G. S. 1894, § 5212, provides that, 'after appearance, a defendant is entitled to notice of all subsequent proceedings.' These three sections must be construed together.

"The defendant was entitled to notice of the application for assessment of damages, and it was error to assess the same without giving such notice."

State ex rel. Clark v. Jack, 126 Minn. 367, 148 N. W. 306, is not inconsistent with the Davis case. A reading of the opinion clearly shows that the court did not consider the question of whether it was necessary to give notice after demurrer was overruled as before it on appeal.

Defendant, having entered a general appearance, is entitled to have matters adjudicated according to the procedure and with the guarantees provided by statute. The judgment entered here was pursuant to proceedings clearly in violation of defendant's statutory rights. While a judgment which is authorized but erroneous can only be reviewed by an appeal from the judgment, yet, if the judgment is unauthorized, it may be vacated on motion, and appeal from the order denying the application may be taken. These principles are clearly established by Gasser v. Spalding, 164 Minn. 443, 205 N. W. 374. Failure to give the statutory notice rendered the judgment an unauthorized one, and therefore the motion made was proper. Consequently it is immaterial that the six-months time for appeal from a judgment expired before any

application for relief was made. The judgment, being unauthorized, should have been vacated on motion.

With respect to the portion of the order denying leave to answer, no assignment of error has been made. While it is true the notice of appeal indicated the entire order was to be attacked, yet to accomplish that counsel must assign error. However, in the case before us, were such an assignment made, it would not be proper to consider it. The lower court, as the memorandum made part of the order clearly shows, did not exercise any discretion in, or actually pass upon, the merits of the application for leave to answer. The reason was that the court was of the opinion that two rules of law precluded setting the judgment aside. The first was that a mistake of law does not furnish a ground for relief. This, of course, is contrary to our decisions. Baxter v. Chute, 50 Minn. 164, 52 N. W. 379, 36 A. S. R. 633; Davenport v. Sackett, 206 Minn. 69, 288 N. W. 167. The other premise has been disposed of during the course of this opinion. Since this part of the controversy was never actually passed upon below, even assuming error were assigned, there is nothing here to review.

The disposition of this case favorably to defendant must not be regarded as an approval of the careless method of practice of which some of defendant's counsel seem to have been guilty. However, we do not pass upon the sufficiency or insufficiency of the motion papers insofar as they relate to defendant's motion for leave to answer.

The order appealed from must be reversed and the judgment set aside.

So ordered.