# BEARMAN FRUIT COMPANY v. SAM PARKER.[1]

April 24, 1942.

No. 33,134.

*Benjamin M. Rigler,* for appellant.
*Ell M. Roston,* for respondent.

[1]Reported in 3 N. W. (2d) 501.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from an order denying his alternative motion to set aside a default judgment because of plaintiff's laches in entering it, or, if that be denied, that the judgment be set aside and that defendant be permitted to answer.

On August 31, 1937, defendant was indebted to plaintiff in the amount of $555.19 for merchandise purchased. On September 1, plaintiff's counsel prepared a summons and complaint and on the next day sued out a writ of attachment by virtue of which the sheriff of Ramsey county levied upon two trucks belonging to defendant. On the 14th, summons and complaint were served upon defendant personally. A few days thereafter the attachment was released and the trucks delivered to him. In his affidavit supporting his present motion, defendant says that because of the release of the attachment he "believed that said action would be dismissed," and consequently he did nothing about the action.

Defendant is a resident of Wisconsin and has been such during the times here involved. In that state, on July 25, 1939, he was duly adjudicated a bankrupt, and on May 22, 1940, was duly discharged from all debts and claims provable against his estate. In his bankruptcy schedules he listed plaintiff's claim as an open account. On August 14, 1941, plaintiff's counsel caused judgment to be entered for the amount claimed in its action, with interest and costs, amounting to $699.69. Not until the latter part of that month did defendant learn of the entry of the judgment, whereupon he promptly employed his present counsel to take the necessary steps to relieve him of the liability evidenced by the judgment.

The proposed answer and affidavit supporting it state the facts substantially as here recited, and the court in its order so recognized the facts to be. Upon that showing, the court came to the conclusion that plaintiff was not guilty of laches in entering the judgment when it did, nearly four years after the service of summons and complaint. As to the alternative relief sought, that of setting aside the judgment and permitting defendant to answer, the court thought that "where a judgment is recovered after the

discharge of the judgment debtor has been granted in bankruptcy, no matter when the action was begun, it is a valid and enforceable judgment." Therefore that portion of the motion also was denied.

Assuming that the court properly denied the first alternative, we may then go directly to the second.

1. In Crocker v. Bergh, 118 Minn. 316, 318, 136 N. W. 737, we said:

"A judgment recovered against a bankrupt after the commencement of proceedings in bankruptcy and before his discharge is annulled thereby, and he has the absolute right, if not guilty of laches, to have further proceedings thereon perpetually enjoined, for he had no opportunity to plead in bar a discharge which had not then been granted. On the other hand, where the judgment is recovered after the discharge has been granted, no matter when the action was begun, it is valid and enforceable, for the bankrupt has had his opportunity to plead in bar his discharge." (Citing cases.)

2. No one can doubt that a discharge in bankruptcy presents a meritorious defense. So, even if defendant may have had an erroneous impression as to the effect of the adjudication against him, that alone should not bar relief. *Cf.* Davenport v. Sackett, 206 Minn. 69, 71, 288 N. W. 167. That defendant has shown reasonable diligence after learning of the entry of the judgment is clear. If his answer and supporting affidavit had alleged payment of the debt as of the time of his discharge, certainly his prayer for relief would have been granted freely. Since the discharge in bankruptcy affects defendant's personal obligation to the same extent, it is difficult to assign any sound reason why the relief here sought should not be granted. *Cf.* Orth v. Hagedorn, 185 Minn. 582, 586, 242 N. W. 292.

3. A meritorious defense having been shown and there being no lack of diligence after knowledge of entry of judgment, the question then is whether defendant has brought himself within

the provisions of Mason St. 1927, § 9283, which gives the court discretionary power, "at any time within one year after notice thereof," to "relieve a party from any judgment  *  *  *  taken against him through his mistake, inadvertence, surprise, or excusable neglect." By reason of this statute, it has become a settled rule in this state that (Slatoski v. Jendro, 134 Minn. 328, 330, 159 N. W. 752)—

"Courts should be liberal in relieving a defendant of default, if reasonable excuse is shown and he appears to have a meritorious defense, to the end that cases may be determined on their merits. But the right to be relieved from a default is not absolute. The matter rests largely in the discretion of the trial court. If that discretion is not abused the trial court's order will not be reversed."

From the recited facts it is interesting to note that within 20 days after learning that defendant had been discharged in bankruptcy the present judgment was entered.

4. Fairness to the trial court requires mention of the fact that § 9283 and the many cases having to do with its application to particular facts were not called to its attention. Counsel for both parties devoted their time and effort almost exclusively to the matter of laches, each claiming that his opponent should be penalized because of lack of diligence. Had this matter been properly brought to the court's attention, we have no doubt that defendant's prayer for relief would have received prompt and favorable consideration.

We therefore conclude that the order should be reversed and defendant permitted to answer. It is so ordered.