Shirley M. PEDERSON, as Trustee for
the Heirs of Leo T. Pederson,
etc., Appellant,

v.

ROSE COOPERATIVE CREAMERY
ASSOCIATION, Defendant and
Third Party Plaintiff,

Harold O. Johnson, defendant and third
party plaintiff, Respondent,

Herbert A. Johnson, defendant and third
party plaintiff, Respondent,

Edward KONIETZKO, Defendant and
Third Party Plaintiff,

v.

Shirley M. PEDERSON, individually,
third party defendant and third
party plaintiff, Appellant,

v.

LAND O'LAKES CREAMERY ASSOCIA-
TION, Third Party Defendant.

No. 81–1302.

Supreme Court of Minnesota.

Dec. 3, 1982.

Hvass, Weisman & King and Richard A. Williams, Jr., Minneapolis, for appellant.

Kennedy & Nervig and Mark F. Hansen, Wadena, for Harold O. Johnson.

Larson & Baland and Stephen P. Larson, Long Prairie, for Herbert A. Johnson.

SCOTT, Justice.

This is an appeal by plaintiffs, Shirley M. and Chris K. Pederson, from an order of the district court refusing to schedule their case for trial. Plaintiffs were involved in an automobile accident in 1972 and brought suit in 1975 and 1976 against Harold O. Johnson, Herbert A. Johnson, Edward Konietzko, and the Rose Cooperative Creamery Association. A claim against the Land O'Lakes Creamery Association was added following the dismissal of the Rose Cooperative Creamery Association on a motion for summary judgment. Defendants filed a series of third-party complaints against each other and Shirley Pederson. Defendant Harold O. Johnson filed a third-party complaint against Shirley Pederson which included a claim for damage to his tractor-trailer combination.

In January 1979 Konietzko contacted plaintiffs, offering to settle the action on behalf of himself and Land O'Lakes for $3,000. In early February 1979 plaintiffs advised Harold O. Johnson of the pending settlement with Konietzko and Land O'Lakes and extended a settlement offer to him. A second copy of the letter containing the settlement offer was sent to Harold O. Johnson in April 1979.

Plaintiffs, Konietzko and Land O'Lakes agreed on a settlement. On April 10, 1979, Shirley and Chris Pederson executed Pierringer releases on their claims against Konietzko and Land O'Lakes in exchange for a total of $4,000. Plaintiffs, Konietzko and Land O'Lakes intended, and the releases provide, that plaintiffs reserve all claims except those against Konietzko and Land O'Lakes. The Johnsons did not contribute toward the settlement or participate in its negotiation. By letter dated April 11, 1979, Harold O. Johnson made a settlement offer to plaintiffs.

On May 3, 1979, plaintiffs' counsel signed a document, drafted by counsel for Konietzko, entitled "Stipulation of Dismissal With Prejudice," which had appended to it a proposed order and judgment. The order provides for the dismissal of the action of Shirley K. Pederson, individually and as mother and natural guardian of Chris K. Pederson, "with prejudice and without costs to either party." The purpose of the document was to dismiss plaintiffs' claims only against Konietzko and Land O'Lakes. Neither plaintiffs, Konietzko, nor Land O'Lakes intended to dismiss plaintiffs' claims against any non-settling defendant. However, the stipulation, order and judgment do not limit the dismissal to defendants Konietzko and Land O'Lakes. They are, instead, ambiguous in that they provide for dismissal without costs to "either party," while the caption of the stipulation clearly reflects that this is a multi-party action. The stipulation is signed only by plaintiffs' attorney and does not provide space for the signature of any other party.

Plaintiffs' counsel returned the signed stipulation to counsel for Konietzko, who forwarded it to the court. On May 8, 1979, the district judge signed the order, the clerk signed the judgment, and notice of entry of the judgment was sent to all counsel.

Thereafter, plaintiffs and Harold O. Johnson continued settlement negotiations. Correspondence concerning settlement was sent in May, July and September 1979. Harold O. Johnson's attempt to negotiate a settlement in September 1979 indicates that he did not at that time consider the May 1979 order and judgment applicable to him.

The case was placed on the trial calendar in October 1979, but was continued because of scheduling problems among the judges. The record does not indicate that either Harold O. or Herbert A. Johnson raised the May 1979 judgment as a bar to trial at the time the matter was initially set for trial in October 1979.

The matter was next set for trial in March 1980. At that time plaintiffs' counsel sought a continuance because of a scheduling conflict, and counsel for Herbert A. Johnson wrote the clerk a letter indicating that he believed the suit had been dismissed. The case was not tried during the March term. During March and April of 1980 counsel for both Johnsons informed plaintiffs' counsel that they believed the case had been dismissed. Plaintiffs' counsel informed them of the mistake and that he would be moving to amend or vacate the May 1979 judgment. Plaintiffs' counsel, apparently busy with other matters, did not bring the motion until August 1981.

In August 1981, plaintiffs brought a motion for an order to set the case for trial during the next jury term. Plaintiffs' memorandum in support of the motion was titled "Memorandum of Plaintiff in Support of Motion to Amend Judgment." It sought relief from the May 1979 judgment under Minn.R.Civ.P. 60.01, 60.02, and the court's general equity powers. The trial court treated it as a motion for relief from a final judgment under Rule 60.02, holding that Rule 60.02(1), which permits relief from a final judgment for mistake or excusable neglect, was not applicable because it was not sought within one year after entry of the judgment as required by the Rule. The court also held that relief was not available under Rule 60.02(6), which permits relief for reasons other than those stated in clauses (1) to (5), because it was not sought within a reasonable time.

On May 24, 1982, this court issued an order denying plaintiffs' motion for leave to present a motion to the trial court to correct a clerical error in a judgment under Rule 60.01.[1]

■ The salient issue to be resolved in this appeal is whether the May 1979 order and the judgment entered pursuant thereto were "final" and therefore subject to the time restrictions for revision under Rule 60.02.[2]

1. Rule 60.01 provides:
   Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected with leave of the appellate court.

2. Rule 60.02 provides:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment (other than a divorce decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.03; (3) fraud (whether heretofore denominated intrinsic or extrin-

sic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Rule 4.043, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of re-

Plaintiffs contend that because the May 1979 order and judgment did not dispose of all the claims of all the parties, and did not contain an express determination that there was "no just reason for delay," they did not become final under Rule 54.02. Such an order, it is argued, is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights and liabilities of all the parties.

In order to determine the applicability of Rule 54.02, it is necessary to first understand precisely the procedural posture of the case below at the time plaintiffs sought amendment of the judgment to conform to the intent of the settling parties. This is a case involving multiple claims and multiple parties. At the time plaintiffs' motion was brought, the record showed that all of plaintiffs' claims had been dismissed pursuant to stipulations that were somewhat ambiguous. There was a claim by Harold O. Johnson against Shirley M. Pederson for damage to his vehicle that had never been dismissed, tried or otherwise resolved. There were also several third-party complaints that had never been resolved. The stipulated order dismissing plaintiffs' claims makes no mention of these claims.

Under Rule 54.02 any order directing the entry of judgment as to fewer than all the claims or parties which does not contain an express determination that there is no reason for delay does not become final, regardless of its designation, and is subject to revision at any time prior to the entry of judgment adjudicating all the claims, rights and liabilities of all the parties. Rule 54.02 states:

When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.[3]

The May 1979 order and judgment disposed of fewer than all the claims of all the parties. Although it complied with the first requirement of Rule 54.02—i.e., it directed the entry of judgment—it did not make an "express determination that there is no just reason for delay." Because it contained no such express determination, it did not become a final order and was subject to revision at any time prior to the entry of judgment adjudicating all claims, rights and liabilities of all parties. The trial court, therefore, erred in applying Rule 60.02, which governs relief only from final orders and judgments.

It should be noted that the cases interpreting Rule 54.02 usually arise where the trial court grants a partial summary judgment or otherwise dismisses a portion of the claims of a party or parties and this court is asked to address the appealability of the order. *See, e.g., Morgan Co. v. Minnesota Mining and Mfg. Co.,* 310 Minn. 305, 246 N.W.2d 443 (1976); *Financial Relations Bd. v. Pawnee Corp.,* 308 Minn. 109, 240 N.W.2d 565 (1976); *Buchman Plumbing Co. v. Regents of University of Minnesota,* 293 Minn. 437, 196 N.W.2d 629 (1972). While there appear to be no decisions applying Rule 54.02 in a context similar to the case at bar, there appears no reason for refusing to apply it. The plain language of the rule applies to the facts of this case.

view and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

**3.** Minn.R.Civ.App.P. 104.01 provides that the time for taking an appeal from a partial judgment disposing of fewer than all multiple claims begins to run on the date of the entry of final judgment relating to all of the remaining multiple claims or multiple parties.

■ Defendants object to the court's consideration of the applicability of Rule 54.02 because that issue was not presented to the court below. It is true that the court will not ordinarily consider issues raised for the first time on appeal. However, the inexplicable failure of plaintiffs' counsel to bring the issue to the trial court's attention cannot and does not change the true posture of the case below. For the court to apply Rule 60.02, which governs only final orders and judgments, would require a decision based on a hypothetical record. In such a case consideration of the case in view of its true posture seems entirely appropriate. *See Bearman Fruit Co. v. Parker,* 212 Minn. 327, 330, 3 N.W.2d 501 (1942) (considering for first time on appeal the applicability of predecessor to Rule 60.02).

In fairness to the trial court, it should be noted that the court's treatment of plaintiff's motion as one for relief from a final judgment is quite understandable in the context in which the motion was presented. None of the memoranda submitted mentioned the existence of the unresolved claims, and the arguments were cast in terms of the propriety of granting relief from a final judgment.

■ Finally, defendant Harold O. Johnson contends that an order denying a motion to set a matter for trial following judgment is not appealable and that plaintiffs' remedy was to appeal from the May 8, 1979, judgment within the 90-day period provided by Minn.R.Civ.App.P. 104.01. He relies on *Kottkes' Bus Company v. Hippie,* 286 Minn. 526, 176 N.W.2d 752 (1970), and *Weckerling v. McNiven Land Company,* 231 Minn. 167, 42 N.W.2d 701 (1950), which follow the general rule that orders refusing to vacate authorized judgments are not appealable. An authorized judgment is one entered in conformity with the order directing its entry. Where judicial error could have been remedied by an appeal from the judgment, the Rules understandably do not permit review of those errors by another method, such as an appeal from an order denying a motion to vacate a judgment.

The simple answer is that the May 8, 1979 order and judgment were not appealable because the order directing entry did not contain an express determination that there was no just reason to delay. The order and judgment were not final and were not appealable of right. *Buchman Plumbing Co. v. Regents of University of Minnesota, supra.* It could be argued that the district court's order refusing to set the case for trial should not be appealable at this time because it will become reviewable when a final judgment adjudicating all the remaining claims of all the parties is entered.

■ In view of the unusual circumstances in which this case arose, we grant discretionary review under Rule 105, Minn.R.Civ. App.P., without reaching the question of whether plaintiffs are entitled to review as a matter of right. We also order the judgment vacated and a corrected judgment entered to reflect the intent of the parties as set out above.

Judgment vacated, new corrected partial judgment to be entered, and case remanded for trial on the remaining issues.