**Vera MILLER, Respondent,**

v.

**PARENT'S GARAGE, INC., Appellant.**

**No. C8–84–997.**

Court of Appeals of Minnesota.

Nov. 27, 1984.

Vera Miller, pro se.

Joel A. Theisen, Eagan, for appellant.

Considered and decided by CRIPPEN, P.J., and HUSPENI and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

This is an appeal from a conciliation court order refusing to reopen a default conciliation court judgment. We dismiss the appeal.

### FACTS

Vera Miller filed a claim against Parent's Garage in conciliation court for $822. The claim was set for trial on April 17, 1984. Parent's representative failed to appear for trial because of illness, but did not inform the court. The court ordered judgment for Miller, but stayed entry until May 9, 1984.

Parent's then hired counsel to request reopening the judgment. The conciliation court judge heard arguments on May 7, 1984. Miller did not appear. In its order dated May 7, the court found Parent's had a valid excuse for not appearing at the trial, but denied the motion on the grounds that Parent's did not show a meritorious defense to the claim.

Parent's decided to appeal the decision. On May 14, 1984, the court ordered that, upon filing of a bond in the amount of the judgment, all proceedings regarding the judgment were stayed. Parent's filed a cash bond with the court on May 14, 1984. This appeal followed.

## ISSUE

Whether an order denying a motion to reopen a conciliation court default judgment because of failure to present a meritorious defense is appealable?

## ANALYSIS

 In Hennepin County Conciliation Court:

> When a default judgment * * * has been ordered for failure to appear, the judge, within 20 days after notice thereof was mailed, may vacate the order for judgment ex parte and grant a new hearing, if the defaulting party shows lack of notice, mistake, inadvertence, or excusable neglect as the cause of his failure to appear.

Minn.Stat. § 488A.16, subd. 5 (1982). There is no statutory requirement that the defaulting party show a meritorious defense. When the court found Parent's had a valid excuse for failing to appear, it should have reopened the judgment.

Once the motion to reopen was denied, Parent's had the option of demanding, within twenty days, removal to municipal court for hearing *de novo* of the motion. Minn.Stat. § 488A.17, subd. 3 (1982). Instead, Parent's chose to appeal to this court.

An order denying a motion to vacate a conciliation court default judgment is not appealable. *See McConnell v. Beseres,* —— N.W.2d —— (Minn.Ct.App.1984); *Pederson v. Rose Co-op Creamery Ass'n,* 326 N.W.2d 657 (Minn.1982). However, we note that the order authorizing the bond, and the attempted appeal, stayed all proceedings on the judgment as of the filing of the bond. Parent's had twenty days from May 7, 1984, to remove the motion to municipal court. Only seven days passed before the bond was filed on May 14. Parent's has an appropriate remedy which it may still pursue within thirteen days of the filing of this decision.

## DECISION

The order by a conciliation court judge refusing to reopen a default conciliation court judgment is not appealable.

Dismissed.