*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0714**

Deanna Carlson,
Respondent,

vs.

James T. Masters,
Appellant.

**Filed February 2, 2015
Affirmed
Stauber, Judge**

Hennepin County District Court
File No. 27CVHC132503

Deanna Carlson, St. Francis, Minnesota (pro se respondent)

Anton T. Champion, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Stauber, Judge; and Reilly, Judge.

## UNPUBLISHED OPINION

**STAUBER**, Judge

In this landlord-tenant dispute, appellant-tenant argues that the district court (1) abused its discretion by reconsidering its prior orders without satisfying the prerequisites for reconsideration under Minn. R. Gen. Pract. 115.11 and (2) erred by denying his request for damages under Minn. Stat. §§ 504B.271, .365 (2014). We affirm.

**FACTS**

On May 7, 2013, respondent Deanna Carlson commenced an action seeking to evict her father, appellant James T. Masters, from premises located in Bloomington. The district court subsequently entered judgment in favor of respondent and issued a writ of recovery for the premises. After appellant was evicted, his property was removed from the premises. Appellant's access and efforts to retrieve his property are the subject of this dispute.

In August 2013, appellant filed a motion seeking an order: (1) finding that respondent violated Minn. Stat. §§ 504B.271, .365; (2) ordering the return of his personal property; and (3) awarding punitive and compensatory damages including attorney fees under Minn. Stat. §§ 504B.271., .365. In support of his motion, appellant filed an affidavit detailing his efforts to retrieve his personal property from respondent's possession. Appellant claimed that after he was denied access to his property, he sent, through his attorney, a "Demand for Return of Personal Property" to respondent. In the letter, appellant asserted that he had not abandoned his property, requested that respondent return any and all personal property to appellant within 24 hours, and alleged that respondent failed to comply with Minn. Stat. § 504B.271 when she removed the personal property and notified appellant of an auction. Appellant claimed that despite the written demand, respondent failed to return his personal property.

The district court held a hearing on appellant's motion on September 12, 2013, at which respondent appeared pro se. Following the hearing, the district court ordered that respondent immediately return appellant's property to him and gave appellant "until

September 26, 2013, to fully remove all of his property from [respondent's] possession" or it would be considered "abandoned."

On October 1, 2013, appellant requested a telephone conference, asserting that respondent continued to deny him access to his property. The district court responded to the request for a telephone conference by filing an order on December 10, 2013. The district court found that "an agent under the control of [respondent] . . . refused to allow [appellant] to leave with his property." The court found that respondent's conduct "is in direct conflict to the order of the Court" and that respondent "acted in bad faith." Thus, the district court granted appellant's request for punitive damages and attorney fees and ordered a hearing to be scheduled for the "sole purpose of determining damages."

At the hearing, respondent was represented by counsel, but appellant's attorney was absent because he "got stuck in traffic." Respondent requested that the court "reconsider its earlier finding that [she] acted in bad faith, arguing that [respondent] was unrepresented at the hearing regarding that issue and the facts demonstrate that [respondent] had attempted to give [appellant] his belongings but [appellant] continued not to take the belongings from storage."

The district court determined that "it should reconsider its finding regarding the bad faith of [respondent]," and that "[b]ased on the credible testimony of [respondent] and the written submission, it is clear . . . that both parties [bear] responsibility for the property issue." The district court also found that respondent gave appellant "multiple accesses to his property beginning in May 2013, and going through December 2013." Thus, the district court denied appellant's request for damages. This appeal followed.

3

**D E C I S I O N**

**I.**

Appellant initially contends that the district court abused its discretion by reconsidering its order dated December 10, 2013, because respondent failed to comply with Minn. R. Gen. Pract. 115.11. This rule addresses how a party may ask a district court to reconsider a prior ruling. *Id.* Specifically, the rule requires the movant to submit the motion by a letter to the district court with a copy to opposing counsel, and prohibits the motion to be granted unless there is a showing of "compelling circumstances." *Id.* The rule does not address a district court's ability to decide, on its own, whether to reconsider a prior ruling. *See id.*

However, Minn. R. Civ. P. 54.02 provides that the district court

> may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties.

Here, when respondent requested reconsideration of the December 10, 2013 order, all of the claims had not been adjudicated. It was therefore within the district court's discretion under rule 54.02 to revise its previous orders before entry of a final judgment adjudicating all of the parties' claims. *See id.* (stating that if the district court rules on

4

fewer than all claims without stating ruling is final, the order "is subject to revision at any time" before resolution of "all" claims); *see also Pederson v. Rose Coop. Creamery Ass'n*, 326 N.W.2d 657, 659-60 (Minn. 1982) (holding that, as a result of the district court's failure to certify the absence of just reasons for delay, its "judgment" was not final). Although the district court reconsidered its prior orders despite the fact that appellant's attorney was not present at the hearing on the motion, and unable to object because he was stuck in traffic due to a snowstorm, the district court found that both parties were at fault with respect to the property issue, and that finding is supported by the record. Accordingly, the district court's revision under rule 54.02 was not an abuse of discretion because any prejudice to appellant was offset by his own conduct throughout the proceedings.

## II.

Appellant also challenges the district court's denial of his request for damages under Minn. Stat. §§ 504B.271, .365. This court reviews "the district court's findings for clear error and in the light most favorable to the district court's decision, and defer[s] to the district court's credibility determinations." *Bass v. Equity Residential Holdings, LLC*, 849 N.W.2d 87, 91 (Minn. App. 2014).

Personal property left behind by a tenant is governed by Minn. Stat. § 504B.365, and Minn. Stat. § 504B.271. Under section 504B.365, when a tenant abandons rented premises and leaves behind personal property, a landlord who chooses to proceed with an eviction action under chapter 504B has two exclusive remedies. *See Conseco Loan Fin. Co. v. Boswell*, 687 N.W.2d 646, 650 (Minn. App. 2004) ("The plain language of Minn.

Stat. § 504B.365, subd. 3, and its related section, Minn. Stat. § 504B.271, subd. 1,

furnishes two distinct remedies for the landlord if the tenant abandons personal property

after an eviction.").  A landlord may:  (1) remove and store the property elsewhere,

obtaining a lien on the property for reasonable costs and expenses incurred or (2) store

the property on the premises and pursue a claim against the tenant for costs and expenses.

Minn. Stat. § 504B.365, subd. 3.

In the case of property that is removed from the premises, which is what occurred

here, Minn. Stat. § 504B.271, subd. 1(b), provides that a "landlord may sell or otherwise

dispose of the property 28 days after the landlord receives actual notice of abandonment,

or 28 days after it reasonably appears to the landlord that the tenant abandons the

premises, whichever occurs last."  However;

> If a landlord, an agent, or other person acting under the landlord's direction or control, in possession of tenant's personal property, fails to allow the tenant to retake possession of the property within 24 hours after written demand by the tenant or the tenant's duly authorized representative or within 48 hours, exclusive of weekends and holidays, after written demand by the tenant or a duly authorized representative when the landlord, the landlord's agent or person acting under the landlord's direction or control has removed and stored the personal property in accordance with subdivision 1 in a location other than the premises, the tenant shall recover from the landlord punitive damages . . . in addition to actual damages and reasonable attorney's fees.

Minn. Stat. § 504B.271, subd. 2; *see also* Minn. Stat. § 504B.365, subd. 4, (stating that if

a landlord "refuses to return the property after proper demand is made as provided in

section 504B.271, the court shall enter an order requiring the [landlord] to return the

property to the [tenant] and awarding reasonable expenses including attorney fees to the [tenant]").

Appellant argues that the district court clearly erred by "making findings of fact that were unsupported by the evidence or contrary to the record, including but not limited to the finding that [respondent] did not refuse [appellant] access to his personal property after written demand for its return." Appellant contends that because respondent failed to satisfy the requirements of Minn. Stat. §§ 504B.271, .365, the matter should be remanded for an evidentiary hearing to determine appellant's damages.

We disagree. The district court ultimately found that "both parties [bear] responsibility for the property issue," and that appellant "has had multiple accesses to his property beginning in May 2013, and going through December 2013." This finding is supported by the record. Although the record reflects that respondent was, at times, uncooperative with appellant's efforts to retrieve his personal property, the record also reflects that appellant had access to his property on multiple occasions both before and after sending his written demand for the return of his property. If appellant had taken advantage of any of his multiple opportunities to retrieve his property before he sent his written demand, that demand, along with much of this litigation, would have been unnecessary. After considering all of the evidence, the district court determined that appellant was entitled to his property, but not damages. On this record, we cannot conclude that the district court abused its discretion by denying appellant's request for damages.

**Affirmed.**

7