627 P.2d 308

JOYCE LIVESTOCK COMPANY, a partnership, Plaintiff-Respondent,

v.

Jay H. HULET and Gertrude Hulet, husband and wife et al., Defendants-Appellants.

No. 13392.

Supreme Court of Idaho.

April 9, 1981.

Edward D. Ahrens and Philip A. Peterson of Yost, White & Ahrens, Nampa, for defendants-appellants.

Ellison M. Matthews of Matthews, Lee & Wilson, Boise, for plaintiff-respondent.

Before McFADDEN, Acting C. J., BISTLINE, DONALDSON and SHEPARD, JJ., and SCOGGIN, J. Pro Tem.

PER CURIAM.

Plaintiff-respondent Joyce Livestock Co. filed a complaint seeking to recover the sum of $2,500 allegedly owed to it by defendants-appellants Jay and Gertrude Hulet as the balance due on the purchase of a bulldozer. The Hulets counterclaimed for $40,-000 allegedly owed to them for the operation and maintenance of a canal project in which the Hulets and Joyce Livestock Co. were jointly involved.

Joyce Livestock Co. thereafter moved for summary judgment as to the monies owed it on the bulldozer, and an order was entered granting the motion, including attorney's fees. The court then entered a partial final judgment as to the bulldozer monies, a

recitation therein being: "it appearing that there is no just reason for delay and that Judgment may enter herein, pursuant to Rule 54(b), Idaho Rules of Civil Procedure." It is this judgment for the indebtedness of $2,500 and the attorney's fees of $1,500 that the Hulets appeal. The issues raised by the counterclaim were not passed upon.

Prior to appealing the Hulets moved the court to amend the judgment to include a provision that no execution could issue on the judgment until the final disposition of the entire case. Hulets also challenged the award of attorney's fees as premature prior to such a final complete determination of all issues.

While the motion to alter or amend the judgment was pending the April 11, 1979, amendment to Rule 54(b) became effective on May 1, 1979. The record is silent as to whether the court or counsel were cognizant of the change when the motion was heard and denied on June 1, 1979.

■ As to Hulets' contention that execution should have been withheld in the partial final judgment, we note that amended Rule 54(b) provides a form of certificate which deals with that question—suggesting that where the trial court has *determined* that there is no just reason for delay, a final judgment can be entered which will serve both as a predicate for execution and for an appeal. The court must so certify. Here, whether we consider the rule as it was before or after the amendment which was effective on May 1, 1979, it is apparent that neither the record nor the trial court's final judgment provides any basis upon which to conclude that this is one of those "infrequent harsh cases" where injustice would result should Joyce Livestock have to await collection of its judgment until disposition of the counterclaim. *Pichon v. L. J. Broekemeier, Inc.*, 99 Idaho 598, 602, 586 P.2d 1042, 1046 (1978). The I.R.C.P. 54(b) certification was improvidently entered and the court is directed to set it aside on remand.

■ We see merit in Hulets' contention that the award of attorney's fees was pre-

mature. Should the Hulets on their counterclaim establish an offsetting indebtedness in their favor and against Joyce Livestock which equals or exceeds the $2,500 which the court awarded to Joyce Livestock on the bulldozer, then Joyce Livestock will not be entitled to a final judgment in its favor.

It was argued that the trial court entered the partial final judgment and certified it so that Joyce Livestock would not be delayed in recovering the debt long due it while the Hulets pursued that which the trial court is said to have considered a frivolous claim and defense, and that the award of what appears to be substantial attorney's fees for granting a judgment on an admitted debt is some evidence that the trial court was of such a view. While counsel's argument may be a correct analysis of the trial court's subjective views, nevertheless, not yet judicially determined is the validity of the counterclaim. When all of the issues have been tried and decided, it will be time for the trial court to pass upon the reasonableness of the counterclaim and any claim for attorney's fees. The partial final judgment is, of course, subject to revision by the trial court until a complete final judgment has been entered, and the award and amount of any attorney's fees remains open to revision on motion of a party or upon the court's own motion. *Dawson v. Mead,* 98 Idaho 1, 557 P.2d 595 (1976).

The appeal is dismissed, costs here incurred to be taken into consideration by the trial court when all of the issues have gone to judgment and the prevailing party is determined.