OPINION
GILDEA, Chief Justice.
The questions presented in this case are whether the district court abused its discretion in certifying an order as a final partial judgment under Minn. R. Civ. P. 54.02 (“Rule 54.02”), and if so, whether an erroneously certified order results in a judgment that is immediately appealable. The case arises from a dispute over a construction contract entered into between appellant Contractors Edge, Inc. (“Contractors Edge”) and respondent City of Mankato (“the City”). Contractors Edge sued the City alleging breach of contract, equitable estoppel, and violation of the Prompt Payment Act, Minn.Stat. § 471.425 (2014). By 2012 only the breach of contract and the Prompt Payment Act claims remained. The City moved for summary judgment and the district court dismissed the breach of contract claim on October 3, 2012, in an order (“October 2012 order”) that is at the center of this appeal. Although neither party asked for a certification of final judgment under Rule 54.02, the district court concluded the October 2012 order by stating, “THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.” Summary judgment on the claim was entered on the same day. The parties eventually settled the remaining Prompt Payment Act claim and the district court administrator entered final judgment on January 6, 2014.
Contractors Edge appealed on February 7, 2014, seeking review of the October 2012 order.[1] The court of appeals dismissed the appeal as untimely, holding that regardless of whether the district court properly certified the October 2012 order, the partial judgment was immediately appealable and Contractors Edge’s appeal time had expired. Contractors Edge, Inc. v. City of Mankato, No. A14-0223, Order at 3 (Minn.App. filed Mar. 18, 2014). Because we conclude that the district court abused its discretion in certifying the October 2012 order as final under Rule 54.02 and that a judgment resulting from an improperly certified order is not immediately appealable, we reverse.
I.
The court of appeals dismissed Contractors Edge’s appeal, concluding that it was late. Contractors Edge, Inc. v. City of Mankato, No. A14-0223, Order at 3 (Minn.App. filed Mar. 18, 2014). Under Minn. R. Civ.App. P. 104.01, subd. 1, a judgment entered “pursuant to Rule 54.02” must be appealed within 60 days of the date the judgment is entered if the “trial court makes an express determination that there is no just reason for delay and expressly directs the entry of a final judgment.” Consistent with the appellate rule, if the district court properly certified the October 2012 order under Rule 54.02, Contractors Edge’s appeal, which was not filed until February 2014, was late and the court of appeals did not have jurisdiction. See Tischendorf v. Tischendorf, 321 N.W.2d 405, 409 (Minn.1982) (recognizing that an appellate court does not have jurisdiction over an appeal that is filed late). Accordingly, we turn first to a determina *768 tion of whether the district court properly-certified the October 2012 order as final under Rule 54.02.
Minnesota Rule of Civil Procedure 54.02 allows a district court to direct the entry of a final judgment “as to one or more but fewer than all of the claims” if it determines “there is no just reason for delay.” In the October 2012 order, the district court used the language set forth in Rule 54.02. But the court did not explain its reasons for certifying under Rule 54.02. Contractors Edge argues that it is an abuse of discretion for a district court to fail to provide reasons for its decision and that without a recitation of reasons for the certification, the requirements of Rule 54.02 are not met. The City argues that although articulated reasons are an aid to review, they are not a requirement for a proper Rule 54.02 certification.
The parties’ arguments require us to interpret procedural rules. We review the construction and application of procedural rules de novo. Commandeur LLC v. Howard Hartry, Inc., 724 N.W.2d 508, 510 (Minn.2006). In construing procedural rules, we look to the plain language of the rule and its purpose. Id.
A.
Rule 54.02 provides that the district court “may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.” Minn. R. Civ. P. 54.02. Black’s Law Dictionary defines “express” as “[c]learly and unmistakably communicated; stated with directness and clarity.” Black’s Law Dictionary 701 (10th ed.2014). It defines “determination” as “a final decision by a court.” Black’s Law Dictionary 544 (10th ed.2014). Further, Webster’s Third New International Dictionary defines “determination” as “[t]he resolving of a question by argument or reasoning.” Webster’s Third New International Dictionary 616 (2002). These definitions do not support the argument that an “express determination” must include an explanation of the district court’s reasoning. See Elliott v. Archdiocese of N.Y., 682 F.3d 213, 225-26 (3d Cir.2012) (examining the language of analogous Federal Rule of Civil Procedure 54(b) and concluding that the district court simply must articulate that it has made a determination that there is no just reason for delay). Instead, the phrase “express determination” suggests that a statement indicating that there is no just reason for delay may be sufficient, even without articulated reasons supporting the conclusion.
Cases interpreting Rule 54.02 and Fed. R.Civ.P. 54(b), the analogous federal provision, also support the conclusion that Rule 54.02 does not require an explanation for the certification. In terms of our precedent, we have never held that articulated reasons are required for a valid certification under Rule 54.02. And most federal courts reviewing the issue have held that although stated reasoning from the district court is preferred, it is not necessary for proper certification.[2] See, e.g., Explosives Supply Co. v. Columbia Nitrogen Corp., 691 F.2d 486, 486 (11th Cir.1982) (holding that the articulated reasons do not need to be in the judgment); Bank of Lincolnwood v. Fed. Leasing, Inc., 622 F.2d 944, 948-49 (7th Cir.1980) (holding that a lack of articulated reasoning is not a jurisdictional de- *769 feet if the basis for the district court’s decision is “otherwise apparent”). But see Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir.1981) (requiring the district court to set out specific findings for a valid certification).
We agree with those courts that have concluded that it is a preferred practice for the district court to provide a written explanation for the certification decision. The failure to provide such articulated reasons, however, is not by itself an abuse of the district court’s discretion. This is so because the record might otherwise disclose why the certification was appropriate. See Bank of Lincolnwood, 622 F.2d at 948-49.
We turn then to the record here to determine whether the record supports the certification. We review the record through the lens of the abuse-of-discretion standard of review. T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC, 773 N.W.2d 783, 786-87 (Minn.2009) (reviewing a district court’s decision to certify an order pursuant to Rule 54.02 for an abuse of discretion).
B.
Contractors Edge argues that the district court abused its discretion in this case because there are “no substantial and compelling reasons” in the record that would justify an immediate appeal of the October 2012 order. The City responds that the district court’s certification was reasonable because, as reflected in the record, the two claims were independent of one another and the breach of contract claim was the substantive claim, which warranted immediate review. We agree with Contractors Edge that the record does not provide a basis for certification.
A district court has discretion to “allow a piecemeal appeal if the parties or claims are clearly separable and no prejudice would result from appeal.” Novus Equities Corp. v. EM-TY P’ship, 381 N.W.2d 426, 428 (Minn.1986) (citation omitted) (internal quotation marks omitted). When deciding whether to certify, the district court should “weight ] the overall policy against piecemeal appeals against whatever exigencies the case at hand may present.” Panichella v. Pa. R.R., 252 F.2d 452, 455 (3d Cir.1958). District courts should not routinely certify an order pursuant to Rule 54.02, but should do so only in appropriate cases. See T.A. Schifsky & Sons, 773 N.W.2d at 789 n. 6.
One such appropriate case is when a district court certifies an order based on the possibility of hardship that could result from a delayed appeal. See Novus Equities Corp., 381 N.W.2d at 428. For example, in Novus Equities Corp., we upheld a Rule 54.02 certification, noting that the possibility of a substantial loss of interest on a judgment if the appeal were delayed was a permissible basis for an immediate appeal. Id.
Administrative concerns, such as the parties’ desire to adjudicate one claim fully before deciding whether to continue to trial on another, may also support a certification. See, e.g., Cold Metal Process Co. v. United Eng’g & Foundry Co., 351 U.S. 445, 450 n. 5, 76 S.Ct. 904, 100 L.Ed. 1311 (1956). Other factors considered by federal courts in certifying pursuant to Fed.R.Civ.P. 54(b) include expense, delay, shortening the length of a trial, frivolity of competing claims, and the possibility that another claim or counterclaim could offset the judgment. See Allis-Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360, 371 (3d Cir.1975), abrogated on other grounds by Elliott v. Archdiocese of N.Y., 682 F.3d 213 (3d Cir.2012).
*770 When the claims arise out of one set of facts, however, the district court usually should not certify an order as a final partial judgment. See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (stating that a district court should consider judicial administrative interests as well as equities to discourage piecemeal appeals in cases in which appellate courts would “have to decide the same issues more than once”); Hayden v. McDonald, 719 F.2d 266, 270 (8th Cir.1983) (discouraging certification when the claims deal “with essentially one set of facts, with which this court would need to refamiliarize itself on subsequent appeals”); Cullen v. Margiotta, 618 F.2d 226, 228 (2d Cir.1980) (stating that confronting issues in a “unified package” is particularly appropriate when the “adjudicated and pending claims are closely related and stem from essentially the same factual allegations”). Even when other factors are present that may support certification, federal courts have given priority to the interest in judicial administration and held that closely related claims should be reviewed together.[3] See, e.g., Credit Francais Int’l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 706-08 (1st Cir.1996); Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1025-26 (2d Cir.1992); see also 10 James W. Moore et al., Moore’s Federal Practice § 54.23[1][a] (3d ed.2012).
We agree with the principle discussed in these federal cases that, in general, closely related claims should not proceed separately on appeal. The certification at issue in this case runs afoul of that principle because the record establishes that the claims at issue were closely related. Specifically, both of Contractors Edge’s claims arose out of its contractual relationship with the City. Contractors Edge argued that the City owed it compensation for the extra work it performed that was not included in the original contract and brought a breach of contract claim to recover that compensation. Contractors Edge also claimed that the City did not timely pay the percentage of the contract price the City withheld as retainage following completion of the project and that Contractors Edge was therefore entitled to interest, costs, and attorney fees under the Prompt Payment Act. Both claims required the court to interpret the parties’ contract: first to determine whether the City owes Contractors Edge under the contract’s claims procedure, and then to determine when Contractors Edge’s work was substantially completed under the contract. As both claims arose from the same set of facts, certification is discouraged. See, e.g., Hayden, 719 F.2d at 270.
In urging us to reach the opposite conclusion, the City argues that the claims have no bearing on one another and are therefore independent. The legal analyses *771 of the claims, however, do not need to overlap in order for the two claims to have a relationship that discourages certification. See, e.g., Hogan, 961 F.2d at 1025-26 (holding that the district court abused its discretion in certifying an order that granted summary judgment to one party in a wrongful death suit when the claims were based on the same facts and “the remaining proceedings in the district court may illuminate appellate review of the dismissed claims, or ... may suggest” that the district court should modify its original order (citations omitted) (internal quotation marks omitted)). If the October 2012 order were separately appealable, the court of appeals would need to refamiliarize itself with the same facts, including the language of the contract and the details of the construction project, to consider the breach of contract claim in the first appeal and then again in the second appeal of the Prompt Payment Act claim. But Rule 54.02 was designed to eliminate precisely this redundancy. See T.A. Schifsky & Sons, 773 N.W.2d at 787.
Notwithstanding the fact that the claims are closely related, certification could still be permissible under Rule 54.02 if there were others factors that outweighed our policy against piecemeal appeals. But the record discloses no such countervailing considerations. Indeed, neither party in this case even requested Rule 54.02 certification and neither party has made any showing of hardship to justify a piecemeal appeal. Finally, nothing in the record suggests either party would have been prejudiced by waiting to appeal the district court’s decision until the final resolution of both claims.
In sum, our review of the record provides no basis for a “determination” that certification was warranted under Rule 54.02. Because the claims arose out of the same facts, there is no showing of hardship or injustice, and the district court gave no indication of its reasons for certifying, we hold that the district court abused its discretion in certifying the October 2012 order.
II.
Having decided that the district court erred in certifying the October 2012 order pursuant to Rule 54.02, we turn to whether, as the dissent contends and the court of appeals held, Contractors Edge nevertheless had to appeal the resulting judgment immediately. Contractors Edge argues that its appeal was timely because the district court’s certification was improper and therefore the October 2012 judgment was not immediately appealable. The correct time to appeal, Contractors Edge argues, was following the entry of a final judgment on the last remaining claim, which did not occur until January 6, 2014. Because Contractors Edge appealed within 60 days of-the entry of final judgment, it contends its appeal was timely. The City argues that appeals from a Rule 54.02 judgment must be taken immediately, even if the certification is later determined to be improper.
Whether an improperly certified Rule 54.02 order results in a judgment that is immediately appealable is an issue of first impression in Minnesota. The federal courts are split on the question. Under the rule adopted in the Ninth Circuit, orders that are improperly certified nevertheless result in immediately appealable judgments. See Lindsay v. Beneficial Reinsurance Co., 59 F.3d 942, 951 (9th Cir.1995). In the Eighth Circuit, by contrast, orders that are certified in error do not result in immediately appealable judgments. See Page v. Preisser, 585 F.2d 336, 338 (8th Cir.1978). We can see value in each approach, but in our view, the approach that is most in accord with our *772 precedent and that best promotes the purpose of Rule 54.02 is the rule the Eighth Circuit has adopted. In other words, an order that is not certified in conformity with Rule 54.02 does not result in an immediately appealable judgment.
While our Rule 54.02 cases have not resolved the precise question presented here, the result we reach is more solidly grounded in the logic of our Rule 54.02 jurisprudence than the approach the Ninth Circuit has adopted and that the dissent advocates. For example, in T.A. Schifsky & Sons, Inc. v. Bahr Construction, LLC, 773 N.W.2d 788, 788 (Minn.2009), we suggested that a certification in a single-claim case does not start the time for an appeal. Because Rule 54.02 requires multiple parties or claims, we said that the district court’s use of the rule’s language “does not necessarily make the resulting judgment a final partial judgment pursuant to Minn. R. Civ. P. 54.02.” Id. at 787. And we concluded that if the case is not eligible to be certified under the rule, the fact that the district court uses the rule’s language in the order at issue does not make the resulting judgment immediately appealable. Id. at 788. Importantly for purposes of the case at hand, we went on in T.A. Schifsky & Sons to determine whether the case was somehow otherwise appealable. Id. (“Having concluded that the November 26, 2007, order could not be certified as a final partial judgment under Minn. R. Civ. P. 54.02, we must decide whether the December 13, 2007, judgment entered pursuant to the order was nevertheless immediately appealable as a final judgment.”). If an improper Rule 54.02 certification resulted in a judgment that was nonetheless immediately appealable, as the City and dissent argue, there would have been no reason for us to go on to examine whether there was some other basis on which the case could have been appealed.
We have also held that a failure to state the required language does not result in an immediately appealable judgment. See, e.g., Pederson v. Rose Coop. Creamery Ass’n, 326 N.W.2d 657, 661 (Minn.1982). If the order does not include an express statement that there is no just reason for delay, we said in Pederson that the order is not final, “regardless of its designation” under Rule 54.02. Id. at 660.
In T.A. Schifsky & Sons and Pederson, we addressed orders that were erroneously certified because the district court did not comply with the textual requirements of Rule 54.02. In T.A. Schifsky & Sons, the district court exceeded its power under the rule, by certifying an order in a single-claim case. See 773 N.W.2d at 788. And in Pederson, the district court likewise exceeded the authority given under the rule because the court failed to make the rule’s required express determination. See 326 N.W.2d at 660. The City and the dissent argue that these cases are not helpful to our analysis, however, because here the district court did not violate the plain terms of the rule; rather, the only argument is that the district court abused its discretion in deciding to certify the October 2012 order. The distinction the City and the dissent draw finds some support outside Minnesota. See Lindsay v. Beneficial Reinsurance Co., 59 F.3d 942, 951 (9th Cir.1995) (holding that a district court’s failure to include articulated reasons is not a jurisdictional defect and therefore the erroneously certified order still starts the time for appeal).[4]
*773 In our view, however, the rule followed by the Eighth Circuit most closely adheres to our precedent. See Page, 585 F.2d at 388. In Page, the district court granted summary judgment to the Iowa Department of Social Services on a claim that some of the department’s regulations violated the Supremacy Clause. Id. at 337. The court certified the order under Rule 54(b). Id. at 338. A year later, the district court entered final judgment on the remaining claim, a due process challenge to the regulations. Id. The plaintiff appealed issues from both orders at that time. Id.
The Eighth Circuit noted that appellate courts have broad power to determine whether a district court has properly certified an order for immediate review. Id. The court then stated that “[wjhile, technically, the period for taking an appeal begins to run from the time the district court enters final judgment ... if the certification is erroneous, there is, in fact, no proper final judgment from which a party must appeal.” Id.; see also Fed. Deposit Ins. Corp. v. Tripati, 769 F.2d 507, 508 (8th Cir.1985) (“[I]f the district court errs in certifying the claim, there is no final judgment from which to appeal, and the affected party must wait until a final judgment is entered on all claims against all parties.” (citing Page, 585 F.2d at 338)). In Page, the court determined that the plaintiffs claims were simply different legal theories seeking the same relief, rendering them the same claim for the purpose of Rule 54(b). 585 F.2d at 339. The district court’s certification of the Supremacy Clause order, therefore, was erroneous and the plaintiff was able to challenge the court’s ruling in an appeal from' the final judgment of the due process claim. Id.
Both the Second Circuit and the Idaho Supreme Court follow the rule applied in Page. In Ansam Associates, Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 445-46 (2d Cir.1985), the Second Circuit held that when a district court failed to explain its reasoning for certifying an order as a final partial judgment under Rule 54(b), “the order was not a sufficient Rule 54(b) certification.”[5] Therefore, an appeal taken from the final judgment on all claims, and seeking review of the Rule 54(b) judgment, was timely. Id. Similarly, in Watson v. Weick, 141 Idaho 500, 112 P.3d 788, 794 (2005), the Idaho Supreme Court held that the judgment resulting from an order certified under Idaho Rule of Civil Procedure 54(b) in an abuse of discretion was not immediately appealable.[6] The court noted *774 that a district court’s certification of a final partial judgment “is not binding on [the supreme court] when it appears that the district court abused its discretion” in certifying. Id. at 793; see also Fed. Deposit Ins. Corp. v. Tripati, 769 F.2d at 508 (applying the rule from Page to a case that involved multiple claims by determining whether the claims were “distinct enough to warrant separate appeals”). We agree with the ‘reasoning of these courts and conclude that erroneously certified orders, including orders certified in an abuse of discretion, do not result in appealable final judgments.
The dissent attempts to distinguish Page, because Page involved a single claim, whereas Contractors Edge pleaded multiple claims. But the Page rule has been applied in cases that involved multiple claims. See, e.g., Tripati, 769 F.2d at 508; Ansam Assocs., Inc., 760 F.2d at 444-45; Watson, 112 P.3d at 793-94. Moreover, the dissent does not articulate why a certification error based on the lack of multiple claims is “materially different” than a multiple-claim case with a, certification done in an abuse of discretion. In our view, the better rule is the one that provides that no improperly certified order, no matter the reason for the error, results in an appealable judgment.
Our rule does not, as the dissent asserts, create a new category of “mostly final judgments” and blur a “bright-line” rule. Our rule is clear: if the certification is improper, the resulting judgment is not immediately appealable. Under our rule, therefore, a judgment is either final or it is not final.
The dissent’s rule, on the other hand, is hardly the beacon it claims to be. Under the dissent’s rule, some orders that are improperly certified under Rule 54.02 result in immediately appealable judgments and some do not. The distinction apparently hinges on an appellate court’s determination as to whether the order at issue is “facially valid,” a determination that begs as many questions as it answers. See Page, 585 F.2d at 339; (noting that there is no bright-line test for determining whether a case involves multiple claims); see also 10 James W. Moore et al., Moore’s Federal Practice § 54.22[2][b] (3d ed.2012) (noting that the determination of whether separate claims exist “is not always easy to resolve”).
The purpose behind Rule 54.02 also supports our interpretation. We have recognized that the purpose of Rule 54.02 is “to reduce piecemeal appeals by limiting appeals from judgments that resolve only part of the litigation.” T.A. Schifsky & Sons, 773 N.W.2d at 787. The interpretation we adopt is consistent with this purpose because it should incent the parties to resolve uncertainties over a certification at the district court, rather than the court of appeals. If, for example, the required Rule 54.02 language in the order was used by mistake, the parties should bring the issue to the district court’s attention and the order can be corrected. See T.A. Schifsky & Sons, 773 N.W.2d at 787 n. 2 (cautioning “district courts against automatically using” Rule 54.02 language). In the circumstance present here, when neither party requested certification, it also would have been advisable for the parties to inquire at the district court as to the basis for the conclusion that certification *775 was warranted. Resolving issues of uncertainty as to certification at the district court best serves the efficient administration of justice.
In contrast to our approach, the dissent’s approach encourages piecemeal appeals by insulating the district court’s Rule 54.02 certification from review unless an immediate appeal is taken. See 15A Charles A. Wright et al., Federal Practice and Procedure: Jurisdiction and Related Matters § 3914.7 (2d ed.1992) (encouraging parties who believe that the district court made an improper Rule -54(b) certification to take a “protective appeal” in which they request that the appellate court dismiss that very appeal). Under the dissent’s approach, even in the situation before us today, which we hope is unique, when neither party requested a Rule 54.02 certification and the district court gave no reason for its certification, an immediate piecemeal appeal would be necessary. Rather than an immediate appeal in such a situation, the better practice is for parties to pursue the question with the district court in order to resolve uncertainties as to the basis for the court’s certification.
Considering our precedent and the purpose behind Rule 54.02, we conclude that an order that is improperly certified under Rule 54.02 does not result in an immediately appealable judgment. Applying that rule here, the October 2012 order did not result in a final partial judgment because the district court abused its discretion in certifying the order. Accordingly, the October 2012 order was not immediately ap-pealable, and we hold that Contractors Edge’s appeal from the final judgment in 2014 was timely.
Reversed.

. Although Contractors Edge’s notice of appeal stated that Contractors Edge appealed from the October 2012 order, which was not an appealable order under Minn. R. Civ.App. P. 103.03, we construe notices of appeal liberally in favor of their sufficiency. Kelly v. Kelly, 371 N.W.2d 193, 195 (Minn. 1985). We therefore interpret the notice of appeal in this case to reference the January 6, 2014 final judgment.

. We have stated that "[w]here the language of the Federal Rules of Civil Procedure is similar to language in the Minnesota civil procedure rules, federal cases on the issue are instructive.” T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC, 773 N.W.2d 783, 787 n. 3 (Minn.2009).

. In Curtiss-Wright Corp. v. General Electric Co., the U.S. Supreme Court noted in dicta that claims arising out of the same facts may be properly certified, if "the district court ... find[s] a sufficiently important reason for nonetheless granting certification." 446 U.S. at 8 n. 2, 100 S.Ct. 1460. For example, a finding that appellate review of the certified claim would lead to a settlement of the remaining claim could support a Fed.R.Civ.P. 54(b) certification. See Cold Metal Process Co., 351 U.S. at 450 n. 5, 76 S.Ct. 904. The district court made such a finding in Cold Metal Process Co. after the parties jointly notified the district court that they wanted to "dispose of" the certified claim before trying the remaining claim and that a final resolution on the certified claim might make it "undesirable to try” the remaining claim. Id. There is no evidence in the record that the parties here jointly desired a final resolution on the breach of contract claim before they would proceed on the Prompt Payment Act claim. Accordingly, whether certification would have been appropriate in such a circumstance is not before us.

. The South Dakota and Alabama Supreme Courts have adopted the Ninth Circuit’s rule. See Wallace v. Belleview Props. Corp., 120 So.3d 485, 494 (Ala.2012); Jacquot v. Rozum, 790 N.W.2d 498, 505 (S.D.2010). As the dissent points out, Moore’s Federal Practice also *773 advances this rule. 10 James W. Moore et al., Moore’s Federal Practice § 54.26[1] (3d ed.2012). The Moore’s treatise supports the proposition that an abuse of discretion does not affect the time for appeal by citing Lindsay, 59 F.3d at 951-52.

. The dissent correctly notes that the Second Circuit requires that a Rule 54(b) certification be accompanied by articulated reasons, an approach we have rejected. That rule, however, does not determine whether an improperly certified order is nevertheless immediately appealable. See, e.g., Lindsay, 59 F.3d at 951 (holding that a Rule 54(b) certification was invalid because it lacked articulated reasoning, but concluding the wrongful certification had still started the time for appeal). On that issue, we agree with the Second Circuit that an improperly certified Rule 54(b) judgment is not immediately appealable. See Ansam Assocs., Inc., 760 F.2d at 446.

. Idaho Rule of Civil Procedure 54(b) is analogous to our Rule 54.02. And contrary to the dissent's assertion that Watson was decided on provisions unique to Idaho’s rules of civil procedure, the Idaho Supreme Court’s reasoning is applicable here. The district court in Watson had the power to certify the judgment, see Joyce Livestock Co. v. Hulet, 102 Idaho 129, 627 P.2d 308, 309 (1981) (stating that in the “infrequent harsh case[]” even judgments involving a counterclaim may be certified under Rule 54(b)), but it abused its discretion in doing so. Watson, 112 P.3d at *774 794. The Idaho Supreme Court has consistently held that judgments certified in an abuse of discretion are not immediately appealable. See, e.g., Pichon v. L.J. Broekemeier, Inc., 99 Idaho 598, 586 P.2d 1042, 1046 (1978) ("The trial court abused its discretion in entering Rule 54(b) certifications as to the dismissals of Count I. The orders of partial summary judgment on Count I are not appealable as a result.”).