CONNOLLY, Judge
(concurring specially).
I concur specially to emphasize that our decision is not in any way intended to modify or neutralize the requirement of Minn. R. Civ. P. 5.04 that an action be filed with the court within one year of its commencement by service. By extending the relief under Minn. R. 60.02 available to any other final judgment (except marriage-dissolution judgments) to dismissals for failure to timely file under Minn. R. Civ. P. 5.04, we do not imply that a dismissal under Minn. R. Civ. P. 5.04 is any less final than a dismissal under Minn. R. Civ. P. 12.02(e) (for failure to state a claim upon which relief can be granted) or under Minn. R. Civ. P. 41.02(a) (for failure to prosecute or comply with the rules of civil procedure) and (b) (for failure to show a right to relief), or a judgment on the merits. At least one of the grounds entitling a party to relief under Minn. R. Civ. P. 60.02 must apply, and the motion for relief “shall be made within a reasonable time.”
As our opinion indicates, the same weighing of the rule-60.02 factors required to obtain relief under that rule in other situations applies here, and the “preferred practice” is for the district court to make findings that reflect its consideration and weighing of those factors. Cf Contractors Edge, Inc. v. City of Mankato, 863 N.W.2d 765, 769 (Minn.2015). As the availability of relief under rule 60 does not neutralize the finality of other judgments, it does not neutralize the finality of rule-5.04 dismissals.