STATE OF MINNESOTA

IN SUPREME COURT

A22-1771

Court of Appeals                                                             Hudson, C.J.
                                                            Took no part, Procaccini, J.

City of Elk River,

                    Respondent,

vs.

Bolton & Menk, Inc.,                                              Filed:  January 31, 2024
                                                                 Office of Appellate Courts

                    Appellant,

Vessco, Inc. et al.,

                    Respondents,

Schwing Bioset Incorporated,

                    Respondent.

---

Stephen F. Buterin, Droel, PLLC, Minneapolis, Minnesota; and

Jeffrey W. Coleman, Lars C. Erickson, Benjamin J. Kirk, Coleman & Erickson, LLC, Eden Prairie, Minnesota, for appellant.

Nathan R. Sellers, Alexander B. Athmann, Fabyanske Westra Hart & Thomson, P.A., Minneapolis, Minnesota, for respondents Vessco, Inc. and Rice Lake Contracting Corp.

Michael H. Streater, Adam G. Chandler, Taft Stettinius & Hollister, LLP, Minneapolis, Minnesota, for respondent Schwing Bioset Incorporated.

---

1

S Y L L A B U S

The district court did not abuse its discretion in certifying the order as a final partial judgment under Minn. R. Civ. P. 54.02 because the district court explained why certification was necessary, the third-party claims presented distinct issues from the principal claims, and the case was in its early stages at the time of certification.

Reversed and remanded.

O P I N I O N

HUDSON, Chief Justice.

The question presented here is whether the district court abused its discretion in certifying an order as a final partial judgment under Minnesota Rule of Civil Procedure 54.02. The case arises from a dispute over a large construction contract relating to a wastewater treatment plant improvement project entered into between Bolton & Menk, Inc. ("Bolton") and the City of Elk River ("the City").

The City sued Bolton, alleging breach of contract and professional negligence. Bolton, in turn, filed a third-party complaint alleging contribution and indemnification, among other claims, against three other parties to the contract. The district court dismissed Bolton's third-party complaint pursuant to Minnesota Rule of Civil Procedure 12.02(e). Bolton moved the district court to certify the dismissal order as a final partial judgment under Rule 54.02 to allow an immediate appeal. In a 6-page order explaining its reasoning, the district court granted that motion. Bolton appealed, seeking review of the dismissal order. The court of appeals dismissed Bolton's appeal for lack of jurisdiction, holding that the district court abused its discretion in certifying the order as a final judgment under

2

Rule 54.02. Because we conclude that the district court did not abuse its discretion in certifying the dismissal order as final under Rule 54.02, we reverse.

## FACTS

The City of Elk River sued Bolton in a dispute over a construction contract, alleging breach of contract and professional negligence. Bolton subsequently filed a third-party complaint alleging contribution, indemnity, and negligence against Schwing Bioset Incorporated ("Schwing"), an equipment manufacturer; Vessco, Inc. ("Vessco"), an equipment supplier agent; and Rice Lake Contracting Corp. ("Rice Lake"), a general contractor (collectively, "Third-Party Defendants"). Bolton also brought a breach of contract claim against Vessco and Rice Lake, as well as negligent misrepresentation and promissory estoppel claims against Schwing.

Third-Party Defendants moved to dismiss Bolton's third-party complaint for failure to state a claim pursuant to Rule 12.02(e). The district court dismissed Bolton's third-party complaint with prejudice. Because the order did not adjudicate the principal dispute between the City and Bolton, the order was not immediately appealable. But Bolton moved the district court to certify the dismissal order as a final partial judgment to allow an immediate appeal pursuant to Rule 54.02. The City filed an executed stipulation with Bolton supporting Rule 54.02 certification. Third-Party Defendants objected to the stipulation.

The district court granted Bolton's motion and directed that the dismissal order be revised to add language consistent with Rule 54.02, that "there being no just reason for delay, let judgment be entered accordingly." The court entered the amended order as a

3

final judgment, concluding that "judicial economy is best served by permitting an immediate appeal." The court explained its reasoning, noting that (1) the risk of time and expense caused by excluding Third-Party Defendants, if they are necessary parties, outweighs the burden of delay from an immediate appeal; (2) delaying the appeal until resolution of the claims between the City and Bolton "will not result in a simplified appeal" because the resolution of the third-party claims "could impact the resolution of the claims between the remaining parties"; and (3) the City and Bolton agree it is in the best interest of the parties and stipulated to the entry of a final partial judgment.

Bolton appealed the final partial judgment to the court of appeals. The court of appeals dismissed the appeal, concluding that it lacked appellate jurisdiction because the district court abused its discretion by entering final partial judgment under Rule 54.02. *City of Elk River v. Bolton & Menk, Inc.*, No. A22-1771, 2023 WL 2662339, at *3 (Minn. App. Jan. 17, 2023). The court of appeals reasoned that allowing an immediate appeal to proceed would conflict with the general policy against piecemeal appeals because the third-party claims and principal claims all relate to the same construction project and the third-party claims "are contingent on Bolton incurring liability." *Id.* at *2. The court acknowledged that an immediate appeal might facilitate settlement negotiations between Bolton and the City "and potentially avoid the time and expense of additional proceedings, such as a second trial." *Id.* at *3. The court concluded, however, that these considerations do not outweigh the general policy against piecemeal appeals. *Id.*

4

We granted Bolton's petition for further review.[1]

**ANALYSIS**

A.

The "thrust" of the rules of civil appellate procedure "is that appeals should not be brought or considered piecemeal." *Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 179 (Minn. 1988). This general policy conserves judicial resources and expedites trial proceedings. *Id.* Nevertheless, the rules of civil appellate procedure permit interlocutory appeals in certain circumstances. One such circumstance is the entry of final partial judgment pursuant to Rule 54.02. *See* Minn. R. Civ. App. P. 103.03(a). A party may appeal from a partial judgment entered pursuant to Rule 54.02 if an action involves "multiple claims for relief or multiple parties," the district court makes "an express determination that there is no just reason for delay," and the district court expressly directs the entry of a final judgment.

"Rule 54.02 is intended to reduce piecemeal appeals by limiting appeals from judgments that resolve only part of the litigation," and "to liberalize the appellate process for parties who might be prejudiced by waiting to appeal a decision where other claims or liabilities are yet to be decided." *T.A. Schifsky & Sons, Inc.*, 773 N.W.2d 783,787 (Minn. 2009).

---

[1]     The City filed a letter with the court of appeals stating its agreement with Bolton that the case was appropriately certified for immediate appeal under Rule 54.02, but the City did not participate in the appeal before our court.

When an action involves multiple claims or multiple parties, a district court has discretion under Rule 54.02 to allow a piecemeal appeal "if the parties or claims are clearly separable and no prejudice would result from appeal." *Contractors Edge, Inc. v. City of Mankato*, 863 N.W.2d 765, 769 (Minn. 2015) (citation omitted) (internal quotation marks omitted). Here, Third-Party Defendants are clearly separable from Bolton and the City, and Bolton's claims against Third-Party Defendants are clearly separable from the City's claims against Bolton, even though the claims arise out of the same construction project. Therefore, the district court had discretion to certify the dismissal of the third-party claims as a final partial judgment pursuant to Rule 54.02. The only question remaining is whether the district court abused its discretion in doing so.

In exercising discretion to certify under Rule 54.02, the district court must weigh "the overall policy against piecemeal appeals against whatever exigencies the case at hand may present." *Contractors Edge*, 863 N.W.2d at 769. District courts should only certify an order pursuant to Rule 54.02 in appropriate circumstances. *Id*. When evaluating a Rule 54.02 certification motion, district courts should consider the totality of the circumstances, including the possibility of hardship that could result from a delayed appeal, administrative concerns, and other factors such as "expense, delay, shortening the length of a trial, frivolity of competing claims, and the possibility that another claim or counterclaim could offset the judgment." *Id.*

We review a district court's certification decision under Rule 54.02 for an abuse of discretion. *Id.* A district court abuses its discretion when it acts under a "misapprehension of the law." *Gams v. Houghton*, 884 N.W.2d 611, 620 (Minn. 2016) (quoting *Sommers v.*

6

*Thomas*, 88 N.W.2d 191, 197 (1958)). The discretionary judgment of the district court should be given substantial deference because the district court is most likely to be familiar with the case and is in the best position to identify any justifiable reasons for an immediate appeal. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980).[2]

B.

Bolton argues that the district court acted within its discretion in granting Rule 54.02 certification on the September 2022 order because the court properly weighed the general policy discouraging piecemeal appeals against the factors supporting certification. Third-Party Defendants disagree, arguing that the district court abused its discretion in granting Rule 54.02 certification because the court misapplied the law by failing to explicitly consider the closely related nature of the claims and the risk that the third-party claims will be mooted by subsequent proceedings at the district court. We agree with Bolton that the district court did not abuse its discretion in granting Rule 54.02 certification.

---

[2]     This principle, articulated in *Curtiss-Wright* for the federal analog in Federal Rule of Civil Procedure 54(b), is also a principle we have generally recognized in other contexts. *See, e.g.*, *Melrose Gates, LLC v. Chor Moua*, 875 N.W.2d 814, 819 (Minn. 2016) ("We give deference to a district court's equitable determinations" because "the district court is in the best position to analyze the facts and balance the relevant factors."). Bolton urges us to formally adopt, for analysis of claims under Rule 54.02, the standard set forth by the Supreme Court in *Curtiss-Wright*. We have routinely held—including in our own interpretation of Rule 54.02—that "[w]here the language of the Federal Rules of Civil Procedure is similar to language in the Minnesota civil procedure rules, federal cases on the issue are instructive." *T.A. Schifsky & Sons*, 773 N.W.2d at 787 n.3). Here, this dispute is readily resolved under our own body of law regarding Rule 54.02, which has already considered federal decisions, including *Curtiss-Wright*. We thus have no need to decide whether to adopt the *Curtiss-Wright* standard to decide this dispute, and we decline to consider that issue.

In *Contractors Edge, Inc. v. City of Mankato*, we reviewed a district court's decision to certify an order pursuant to Rule 54.02. 863 N.W.2d at 769. *Contractors Edge* was not appropriate for certification because the district court provided no explanation for why certification was necessary and the record did not disclose any factors that outweighed the general policy against piecemeal appeals—in fact, neither party even requested Rule 54.02 certification. *Id.* at 767, 771.

But here, Bolton requested certification, the City stipulated to certification, and the district court documented its reasons for granting certification in a 6-page order. The district court reasoned that the burden of time and expense caused by excluding Third-Party Defendants, if they are indeed necessary parties, outweighs the burden of delay from an immediate appeal. The court also determined that the issues in the dismissal order are discrete and should be considered immediately because delaying the appeal until resolution of the underlying claims would not result in a simplified appeal. Third-Party Defendants argue the district court's analysis was insufficient because it failed to consider two factors: the possibility of mootness and the interrelatedness of the claims. We address these arguments in turn.

Third-Party Defendants first argue that the district court misapplied the law by failing to consider that if Bolton is ultimately found not liable to the City, appellate review of the disputed claims here might be mooted. In deciding whether to certify a final partial judgment under Rule 54.02, the best practice for district courts is to explicitly consider the relevant factors weighing in favor of and against certification. For third-party contribution and indemnity claims, the risk of mootness is relevant because the claims, by their very

8

nature, are contingent on the still-undecided principal claims. Here, although the district court did not explicitly mention mootness in its certification order, the court recognized that "delaying the appeal until the resolution of claims between the City and [Bolton] will not result in a simplified appeal," implying some consideration of the risk of mootness and resulting burden on the appellate courts. While a more thorough analysis by the district court of mootness would have been helpful here, failing to explicitly identify mootness as an issue is not itself an abuse of discretion because the district court has discretion to consider the totality of the circumstances. If the risk of mootness is outweighed by other factors supporting Rule 54.02, certification may still be appropriate. We conclude that, in this case, other factors, including the separability of the claims, outweigh the risk of mootness.

Third-Party Defendants further argue that the district court misapplied the law by granting Rule 54.02 certification because the claims sought to be immediately appealed are closely related to the pending claims. Judicial administrative interests discourage piecemeal appeals in circumstances in which appellate courts must decide the same issues more than once. *Contractors Edge*, 863 N.W.2d at 770. Therefore, when claims arise out of one set of facts, the district court usually should not certify an order as a final partial judgment. *Id.* Here though, the principal claims, brought by the City against Bolton, turn only on whether Bolton is liable for breach of contract and professional negligence. The third-party claims, however, brought by Bolton against Third-Party Defendants, turn on distinct legal issues concerning contract interpretation and equitable doctrines, not the potential liability on the part of Third-Party Defendants to Bolton if Bolton is found liable

9

to the City. Therefore, although the claims arise out of the same construction project, the factual and legal issues relevant to the certified third-party claims are distinct from those of the pending principal claims so that an appellate court would not need to resolve the same issues more than once.

Furthermore, "[n]otwithstanding the fact that the claims are closely related, certification could still be permissible under Rule 54.02" if other factors are present that outweigh the general policy against piecemeal appeals. *Contractors Edge*, 863 N.W.2d at 771. Other factors supporting certification here include the fact that the third-party claims were dismissed solely on the pleadings rather than a developed factual record, reducing the burden on the court of appeals. Further, we agree with Bolton that the immediate appeal of the dismissal of the third-party claims might facilitate a settlement of the remainder of the claims and might provide greater clarity in this litigation that includes complicated professional negligence and multiparty contractual issues. We cannot say that it was an abuse of discretion for the district court to issue a certification order under these circumstances.

We emphasize that in another dispute involving the dismissal of a third-party contribution or indemnification claim, certification for immediate appeal under Rule 54.02 may be an abuse of discretion, particularly given the risk of mootness. Here, however, because the district court documented its reasons for certification, the principal claims are distinct from the third-party claims, and the case was in the early stages of litigation, we hold that the district court acted within its discretion in certifying the dismissal order pursuant to Rule 54.02.

10

**CONCLUSION**

For the foregoing reasons, we reverse the decision of the court of appeals and remand for proceedings consistent with this opinion.

Reversed and remanded.


PROCACCINI, J., not having been a member of the court at the time of submission, took no part in the consideration or decision of this case.