# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A25-1084

Carsten James Quinlan,
Appellant,

vs.

Fraser, et al.,
Respondents,

Alissa Puls,
Respondent.

**Filed August 25, 2025**
**Appeal dismissed**
**Frisch, Chief Judge**

Washington County District Court
File No. 82-CV-24-5866

Carsten J. Quinlan, Woodbury, Minnesota (pro se appellant)

William L. Davidson, Ryan C. Ellis, Lind, Jensen, Sullivan & Peterson, Minneapolis, Minnesota (for respondents Fraser, Kallie Uner, Sara Haubrich)

Alan P. King, Natalie R. Cote, Goetz & Eckland PA, Minneapolis, Minnesota (for respondent Alissa Puls)

Considered and decided by Frisch, Chief Judge; Larkin, Judge; and Bond, Judge.

## SYLLABUS

A district court abuses its discretion in certifying entry of a final partial judgment under Minn. R. Civ. P. 54.02 when the district court fails to provide reasons for the certification and the basis for the certification is not otherwise apparent from the record.

## SPECIAL TERM OPINION

**FRISCH**, Chief Judge

In this interlocutory appeal, appellant Carsten James Quinlan seeks review of a May 6, 2025 partial judgment dismissing certain claims against respondents Fraser, Kallie Uner, and Sara Haubrich (the Fraser parties). We questioned whether the district court acted within its discretion in certifying the partial judgment for immediate appeal, and if not, whether we must dismiss this appeal as taken from a nonappealable partial judgment. Quinlan, the Fraser parties, and respondent Alissa Puls filed informal memoranda. On July 29, 2025, we filed a special term order dismissing the appeal, with an opinion to follow.[1] We now explain that we dismiss this appeal because the district court did not provide any reasons for its certification decision, and it is not discernable from the record that certification of a final partial judgment is appropriate.

## DECISION

In 2024, Quinlan sued Puls and the Fraser parties.[2] In the complaint, which Quinlan filed as a self-represented party, Quinlan asserted claims of civil conspiracy and intentional infliction of emotional distress against both Puls and the Fraser parties. Quinlan also asserted claims of defamation, negligence, failure to report child abuse, negligent infliction

---

[1] In our July special term order, we also determined that the district court's partial judgment was not appealable under Minn. R. Civ. App. P. 103.03(g), concluding that the Fraser parties' motion to dismiss did not create a special proceeding separate and apart from the merits of the parties' claims.

[2] According to the complaint, Fraser is a mental-health organization in Minnesota, and Uner and Haubrich are employees of the organization.

of emotional distress, vicarious liability, and ratification against the Fraser parties. Quinlan generally alleged that Fraser therapists harmed Quinlan and Quinlan's minor children by supporting a "false narrative of abuse" by Quinlan. Quinlan alleged that Fraser therapists took these actions because of "manipulation and fraud" by Puls, the children's mother.

The Fraser parties moved to dismiss six of Quinlan's eight claims against them—civil conspiracy, defamation, negligence, negligent infliction of emotional distress, vicarious liability, and ratification.[3]

The district court granted the Fraser parties' motion to dismiss. The district court dismissed Quinlan's defamation claim against the Fraser parties in its entirety and dismissed Quinlan's claims of civil conspiracy, vicarious liability, and ratification "based on" the defamation claim. The district court also dismissed Quinlan's claims for negligence and negligent infliction of emotional distress "to the extent those claims are premised on communications" the Fraser parties had "in connection with any custody battle or the Washington County termination of parental rights matter," as well as Quinlan's claims of civil conspiracy, vicarious liability, and ratification "based on" those communications.

Although no party asked the district court to certify entry of a final partial judgment on the dismissal order to allow an immediate appeal under Minn. R. Civ. P. 54.02, the

---

[3] The Fraser parties sought dismissal pursuant to the Minnesota Uniform Public Expression Protection Act (UPEPA), Minn. Stat. §§ 554.07-.20 (2024), which allows a party, within 60 days after being served with a complaint or other pleading that asserts a cause of action subject to UPEPA, to bring a special motion for expedited relief to dismiss that cause of action. Minn. Stat. § 554.09.

district court included language consistent with rule 54.02, that "there being no just reason for delay, let judgment be entered accordingly." On May 6, 2025, the district court entered judgment on the partial dismissal order. In addition to the claims against the Fraser parties that were not dismissed, both of Quinlan's claims against Puls remain pending in the district court.[4]

The thrust of the rules governing the appellate process is that appeals should not be brought or considered piecemeal. *Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 179 (Minn. 1988). Notwithstanding this general policy, under Minn. R. Civ. App. P. 103.03(a), an appeal may be taken from a partial judgment entered pursuant to Minn. R. Civ. P. 54.02. When multiple claims for relief or multiple parties are involved in an action, a district court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Minn. R. Civ. P. 54.02; *see also* Minn. R. Civ. App. P. 104.01, subd. 1 (providing that an appeal may be taken from a partial judgment entered pursuant to Minn. R. Civ. P. 54.02 within 60 days of its entry).[5]

---

[4] In their memorandum filed in this court, the Fraser parties assert that the district court's dismissal order did not dismiss portions of Quinlan's negligence and negligent-infliction-of-emotional-distress claims unrelated to the communications regarding the Washington County termination-of-parental-rights matter. They also assert that "any claims for civil conspiracy, vicarious liability, or ratification related to other remaining claims were not dismissed either." Our resolution of this matter does not require us to determine whether these claims were dismissed in whole or in part, and we express no opinion on that question.

[5] We note that an interlocutory appeal of a final partial judgment is mandatory. *Javinsky v. Comm'r of Admin.*, 725 N.W.2d 393, 397 (Minn. App. 2007). We cannot review a final partial judgment or its inherent issues after the time to appeal that judgment has expired. *Id.*

Minn. R. Civ. P. 54.02 "is intended to reduce piecemeal appeals by limiting appeals from judgments that resolve only part of the litigation" and "to liberalize the appellate process for parties who might be prejudiced by waiting to appeal a decision where other claims or liabilities are yet to be decided." *T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC*, 773 N.W.2d 783, 787 (Minn. 2009).

Because the May 6, 2025 judgment did not resolve all claims against all parties, it is a partial judgment. On its face, the partial judgment is immediately appealable under Minn. R. Civ. App. P. 103.03(a) and Minn. R. Civ. App. P. 104.01, subd. 1, because it includes the rule 54.02 certification language.

We review the district court's decision to certify a partial judgment for immediate appeal for an abuse of discretion. *City of Elk River v. Bolton & Menk, Inc.*, 2 N.W.3d 173, 178 (Minn. 2024). "The discretionary judgment of the district court should be given substantial deference because the district court is most likely to be familiar with the case and is in the best position to identify any justifiable reasons for an immediate appeal." *Id.*

When deciding whether to certify a final partial judgment under rule 54.02, district courts should consider "the totality of the circumstances, including the possibility of hardship that could result from a delayed appeal, administrative concerns, and other factors such as 'expense, delay, shortening the length of a trial, frivolity of competing claims, and the possibility that another claim or counterclaim could offset the judgment.'" *Id.* at 177-78 (quoting *Contractors Edge, Inc. v. City of Mankato*, 863 N.W.2d 765, 769 (Minn. 2015)). Other factors supporting certification of a final partial judgment include that the certified claims were "dismissed solely on the pleadings rather than a developed factual

5

record" and that an immediate appeal of the dismissal of the certified claims "might facilitate a settlement of the remainder of the claims." *Id.* at 179. When the claims arise out of one set of facts, the district court usually should not certify entry of a final partial judgment. *Contractors Edge*, 863 N.W.2d at 770.

Quinlan contends that the district court acted within its discretion in certifying the May 6, 2025 partial judgment for immediate appeal because the judgment resolved all claims against the Fraser parties. The Fraser parties and Puls contend that the district court did not act within its discretion in certifying entry of a final partial judgment. They emphasize that none of the parties asked the district court to certify entry of a final partial judgment and that the district court did not provide any reasons for its certification. The Fraser parties correctly point out that the judgment did not resolve all of Quinlan's claims against them because claims of intentional infliction of emotional distress and failure to report child abuse were not part of their motion to dismiss. And Puls argues that the dismissed claims and the remaining claims against Puls arise out of one set of facts and are closely related because Quinlan alleges that Puls conspired with the Fraser parties or worked in tandem with them.

The district court did not explain its reasons for certifying entry of a final partial judgment. Because none of the parties requested the entry of partial final judgment, it is unclear from the record whether the district court intended to certify such a judgment. It appears from the record that the rule 54.02 certification language may have been added based on a mistaken belief that such language is required every time a partial judgment of dismissal is entered. We note that the function of the "no just reason for delay" language

6

in Minn. R. Civ. P. 54.02 is to certify a dismissal order as a final partial judgment that is immediately appealable. A district court entering a partial judgment should include the "no just reason for delay" language only when the district court intends to certify a partial judgment for immediate appeal. In all other circumstances, the district court may direct entry of a partial judgment without the "no just reason for delay" language.

We also emphasize that the best practice in certifying entry of a final partial judgment is for a district court to provide a written explanation for its decision. *Contractors Edge*, 863 N.W.2d at 769; *see also Bolton*, 2 N.W.3d at 178 (noting that the district court "documented its reasons for granting certification in a 6-page order"). A district court is in the best position to decide whether to certify a judgment for an immediate appeal because of its familiarity with the claims and parties. *See Bolton*, 2 N.W.3d at 178. A district court's certification decision is therefore entitled to substantial deference. *Id.* But when a district court does not explain its reasoning for a certification decision, our evaluation of that decision is limited to the district court record and informal memoranda from the parties.

Here, it is not clear whether the district court intended to certify the partial dismissal order as a final partial judgment by including the "no just reason for delay" language and directing entry of judgment. And the district court did not explain its reasoning. We nonetheless consider whether the record otherwise reveals a basis for certification. *See Contractor's Edge*, 863 N.W.2d at 769 (explaining that the district court's failure to provide reasons is not necessarily an abuse of discretion because "the record might otherwise disclose why the certification was appropriate").

7

The May 6, 2025 judgment did not resolve all the claims against the Fraser parties. The Fraser parties also assert that the judgment did not fully resolve the claims mentioned in their motion to dismiss. The remaining claims against the Fraser parties and Puls are closely related to the claims that were dismissed and arise out of the same set of facts. The claims all relate to allegations that Fraser therapists worked in tandem with Puls to harm Quinlan and the minor children by supporting a "false narrative of abuse" by Quinlan. Dispositive motions regarding the remaining claims are pending in district court. It is not apparent from the record that certification of a final partial judgment is appropriate under these circumstances. Without an explanation by the district court of its reasoning and given the lack of any apparent basis in the record to certify the partial judgment, we conclude that the district court abused its discretion in certifying the May 6, 2025 judgment as a final partial judgment. The May 6, 2025 judgment is therefore a nonappealable partial judgment. *See id.* at 775 (holding that when the district court abuses its discretion given in Minn. R. Civ. P. 54.02 to certify a final partial judgment, the partial judgment is not final and not immediately appealable).

**Appeal dismissed.**